UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────────

In the Matter of the Motion to Unseal　　　　Docket No. 12 MC 150 (ILG)
Docket No. 98 - 1101

───────────────────────────────────────────

### MEMORANDUM OF LAW BY MIAMI HERALD MEDIA COMPANY
### IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER UNSEALING THE DOCKET

The Miami Herald Media Company, publisher of The Miami Herald (the "Herald"), in accordance with the Court's February 23, 2012 Scheduling Order, submits this memorandum of law in support of the Herald's motion to unseal the docket in this case.[1]

### LEGAL STANDARD

Enshrined in both the Constitution and the common law is the principle that judicial processes should be as open to the public as possible. *See, e.g., Press Enterprise Co. v. Superior Court of California* (*Press Enterprise I*), 464 U.S. 501 (1984); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980); *Nixon v. Warner Comm'ns, Inc.,* 435 U.S. 589 (1978); *In the Matter of the Application of the New York Times Company to Unseal Wiretap and Search Warrant Materials*, 577 F.3d 401, 405 (2d Cir. 2009). In addressing this issue, the Second Circuit has stated that "the presumption of access is based on the need for federal courts…to have a measure of accountability and for the public to have confidence in the administration of

---

[1] The public and its surrogates, including the press, have standing to intervene to challenge the sealing of judicial documents. "[R]epresentatives of the press and general public must be given an opportunity to be heard on the question of their exclusion" from judicial proceedings and documents. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982) (internal quotation omitted). Numerous cases have upheld the media's standing to intervene to challenge denials of the public's First Amendment and common law rights of access to judicial documents and proceedings. *See, e.g.*, *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986) ("*Press-Enterprise II*").

1

justice….Although courts have a number of internal checks,…professional and public monitoring is an essential feature of democratic control….Without monitoring, moreover, the public could have no confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings." *United States v. Amodeo,* 71 F.3d 1044, 1048 (2d Cir. 1995) ("Amodeo II"). While the right of access is protected under the First Amendment (*see, e.g.*, *Di Pietro v. United States,* 2009 WL 801609 (S.D.N.Y. 2009)), the "common law right of public access to judicial documents is said to predate the Constitution." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I").

As the Second Circuit has noted, the docket is the way the public knows what is happening, and gives the public the opportunity to know what is going on in a case and to oppose sealing of particular records. Without a docket, the public is denied the opportunity to even know if there is judicial activity going on that might benefit from public scrutiny. "Docket sheets provide a kind of index to judicial proceedings and documents, and endow the public and press with the capacity to exercise their rights guaranteed by the First Amendment…[T]he docketing of a hearing on sealing provides effective notice to the public that it may occur." *United States v. Alcantara*, 396 F.3d 189, 200 (2d Cir. 2005)(quoting *Hartford Courant Co. v. Pelligrino*, 380 F.3d 83, 96 (2d Cir. 2004)).

Without public docket sheets, there is no way for the public to even know that a case has been filed, much less what has happened. As a result, "sealed dockets greatly impair, if not extinguish, the public's ability to attend court proceedings and inspect documents." Thomas, *The First Amendment Right of Access to Docket Sheets,* 94 CALR 1537, 1538 (2006). This is why our courts, including the Second Circuit, require a publicly disclosed process and evidentiary showing justifying sealing a docket.

Public docketing of all judicial matters is an essential component of the common law right of access to judicial records, fundamental both in its own right and as a means of facilitating access to judicial documents. Federal Rule of Criminal Procedure 55 dictates that "[t]he clerk of the district court must keep records of criminal proceedings . . . [and] must enter in the records every court order or judgment and the date of entry." Fed. R. Crim. P. 55. "Every order" is unambiguous and the use of "must" makes clear that public docketing is not optional. The U.S. Attorneys' Manual confirms that the "strong presumption against closing proceedings" leaves "very few cases in which closure would be warranted." *United States Attorneys' Manual*, 9-5.150 (updated 2008). Even if a case or document is otherwise sealed, the Judicial Conference has urged that itemized, redacted docket sheets be posted. *See* Tim Reagan & George Cort, Fed. Judicial Ctr., *Sealed Cases in Federal Courts* 2 (2009) (discussing new Judicial Conference policy).

**ARGUMENT**

At this time, this Court is being asked only to determine whether the public should be permitted access to the docket. The law in this Circuit is clear: "docket sheets enjoy a presumption of openness" that is "rebuttable upon demonstration that suppression is essential to preserve higher values and is narrowly tailored to serve that interest." *Hartford Courant*, 380 F.3d at 96; *see also New York Civil Liberties Union v. New York City Transit Authority*,   F3d. , 2012 WL 10972 (2d Cir. 2012) (noting the right of access extends to civil and criminal docket sheets and that all the other circuits to address the issue agree.); *U.S. v. Ochoa-Vasquez*, 428 F.3d 1015, 1029 (11th Cir. 2005) (the press and public's qualified First Amendment right to access criminal proceedings extends to the proceedings' docket sheets"); *U.S. v. Valenti*, 987 F.2d 708, 715 (11th Cir. 1993) (disapproving of dual-docketing system that hid from public

3

view the occurrence of closed conferences and motions); *U.S. v. Brooklier*, 685 F.2d 1162, 1168 (9th Cir. 1982) ("[R]easonable steps should be taken to afford [interested] persons an opportunity to submit their views to the court before exclusion is accomplished."). Toward that end, the Federal Judicial Center urges that motions to seal be publicly docketed to give "the public, the news media, and interested parties an opportunity to be heard on the matter." Robert Timothy Reagan, Fed. Judicial Ctr., *Sealing Court Records and Proceedings: A Pocket Guide* (2010).

A review of the transcript of the proceedings before the Court on July 20, 2010 appears to indicate there may be issues as to whether there actually is an order sealing the file or a filed motion requesting that the entire file be sealed. In any event, the public has not been provided notice that such a motion was filed or that such an order was entered, and this is exactly what should not happen. This lack of notice to the public highlights the need to unseal the docket, as unsealing the docket could, among other things, provide the public with the reasons for why sealing was sought and why it was ordered. As the Second Circuit held in *Alcantara*, 396 F.3d at 199, in this Circuit there are "established procedures that must be followed before closing a proceeding to which the public has a right to attend." This is not to say, of course, that a proceeding may not be lawfully closed; it is to say, however, that district courts must follow these procedures prior to closure or sealing, as "it seems entirely inadequate to leave the vindication of a First Amendment right to the fortuitous presence of a public spirited citizen willing to complain about closure." *Id.* at 200. As a result, the Second Circuit went on to say, a motion for closure should be docketed in the public docket files maintained in the court clerk's office. *Id.*

4

All that said, there has been no showing as to why the extraordinary denial of public knowledge of sealing a docket was justified in this case. Absent such a showing, only one result is possible: the docket must be open to the public. As one district court recently held, "The Court cannot discern, and the Government does not identify, any higher value that is served by keeping documents and submissions off the public docket." *Di Pietro*, *supra,* at p.3.

## CONCLUSION

For the reasons set forth above, and for such other reasons as may be presented by others, the public docket of this case should be restored, and the docket should be unsealed.

Respectfully submitted,

<u>/s/ *Steven L. D'Alessandro*</u>
Steven D'Alessandro
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
(212) 513-3200

Sandy Bohrer
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 789-7678
*Pro Hac Vice Admission Pending*

*Attorneys for Miami Herald Media Company*