United States District Court (EDNY)
No. 1:12-mc-00150-ILG

**In Re Applications to Unseal 98 CR 1101(ILG)** *USA v. John Doe*

**Memorandum of Law in Support of Application to Unseal of
Lorienton N. A. Palmer**

Frederick M. Oberlander, Esq.
The Law Office of Frederick M. Oberlander
Post Office Box 1870
28 Sycamore Lane
Montauk, NY 11954
212-826-0357  Tel.
212-202-7624  Fax
fred55@aol.com
*Attorney for Lorienton Palmer*

Todd Kaminsky, Esq.
United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201
718-254-6367  Tel.
718-254-6481  Fax
Todd.Kaminsky@usdoj.gov
*Attorney for Applicant The United States*

Richard Lerner, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10604
212-915-5419  Tel.
212-490-3038  Fax
richard.lerner@wilsonelser.com
*Attorney for Applicant Richard Roe*

Jason Hunt Berland, Esq.
Beys, Stein & Mobargha LLP
405 Lexington Avenue, 7th Floor
New York, NY 10174
212-387-8200  Tel.
212-387-8229  Fax
jberland@bsmlegal.net
*Attorneys for Respondent John Doe*

# **INTRODUCTION**

1. Lorienton Palmer submits this memorandum in support of his application to unseal[1] (i) first, the docket; (ii) then, all docket entries; (iii) then, for every entry which is a reference, that which it references; and (iv) those portions of all PSR's, sentencing transcripts, 5.K.1 motions, and probation reports as set forth below; for 98-CR-01101 EDNY (Glasser, J.)

2. Resolution of this application will depend on facts established at evidentiary hearing or by subsequent submission on motion practice. Therefore for brevity, some allegations herein may be conclusory, to be adduced in further, constituent detail at hearing. Further, and unless otherwise indicated, all allegations herein are made on information and belief.

---

[1] A **Docket** or **Docket Sheet** is a presentation of collected information about a case which contains (i) the same information displayed onscreen in response to PACER command QUERY|DOCKET_REPORT with all options checked on the next screen; plus (ii) such additional information, if any, as is routinely presented in physical form in any docket book or indexing document maintained by the court; plus (iii) such additional information, if any, as would be routinely presented in a docket as the term is used in *Hartford Courant v. Pellegrino*, 380 F.3d 83 (2nd Cir. 2004). For this brief, a case caption is considered to be part of the docket.

A **docket entry** is any information that, if not omitted (or left blank) by sealing, is or should be displayed on a docket. An entry may be a **reference** or an **absolute** (an **entry** displaying the name of a party would be **absolute**, as there is no further information "behind" or "supporting" it, while an **entry** in a chronological list of events corresponding to a motion would be **relative**, as the description of the motion would be summary and there would be embedded or nearby a hyperlink (if online) or similar reference by index number (if physical) to some other location containing the motion itself). In the case of an entry which is a **reference**, it may be that some or all of that additional information referred to (the **referent**) is sealed, intentionally excluded from access. For example, an unsealed docket on PACER displaying an entry for a motion filed under seal would ordinarily not have a hyperlink to the motion, but might simply state "motion filed under seal."

An **unsealed docket** or **completely unsealed docket** is a docket where every entry for which corresponding information exists has been fully and accurately populated with that information.

A **partially sealed docket** is a docket which would otherwise be unsealed were it not for the intentional omission or emptiness of one or more entries

A **sealed docket** or **completely sealed docket** is a partially sealed docket where every entry that would otherwise have corresponding information displayed has been intentionally omitted or left empty. By definition, a completely sealed criminal docket will contain only the caption United States v. Doe, a completely sealed civil docket only the caption Sealed v. Sealed, and so on.

The existence of a partially or completely sealed docket where one or more of the entries and referents which omitted from it are not themselves sealed must be unconstitutional and illegal *per se*. See text ¶**Error! Reference source not found.** *et seq.*

A **super sealed docket** is a sealed docket which has been intentionally made invisible to the public. That is, it is a sealed docket which (i) if findable, would have no entries (display no information) because it has been sealed; and (ii) is not findable by normal means used to find dockets (party, index, or attorney search).

**Sealing** is any intentional omission (or leaving empty) or exclusion referred to above. It may be **legal**, which means it has occurred pursuant to a valid judicial decree issued upon compliance with all constitutional and common law procedural and substantive requirements; or it may be **illegal**, which means anything else. For the avoidance of ambiguity, as used herein, any lexical form of the word "sealing," by itself, may refer to an act of omission or exclusion either legal or illegal, as the case may be, and is not a concession that such act was legal. Closure means the same as sealing, but is typically applied to hearings rather than documents. For simplicity, this memorandum uses the term "sealing" to mean either sealing of a document or closure of a hearing.

## NOTICE

3. The contents and use of this document, including as the basis for any requested leave to amend same, are subject to that certain motion pursuant to FRCP 7 which counsel expects to file pursuant to a then-annexed motion to file under seal within 48 hours of the filing hereof for reasons that will become apparent upon that filing.

4. Palmer can state however that at the evidentiary hearing he will introduce documents in the public domain as well as private documents not subject to restriction.

## ARGUMENT

**(1) Palmer joins the *Miami Herald*.**

5. Palmer joins in the memorandum of law filed on March 12, 2012, by the *Miami Herald Media Company* (the "*Herald*"), concurring with and extending all its requests for relief.

**(2) Completely sealed dockets, such as this one, are unconstitutional *per se*.**

6. As both this circuit, in *Hartford Courant*[2], and before it the Eleventh, in *Valenti*[3], noted, a docket as an index to proceedings and documents is necessary to the public's exercise of its qualified rights of access, whether based in First Amendment or common law.

7. However, *Valenti* went further than *Hartford Courant*, holding a dual-docket system unconstitutional, while *Hartford Courant* merely held it unconstitutional unless it is rebutted upon demonstration that suppression is "essential to preserve higher values and is narrowly

---

[2] *Hartford Courant v. Pellegrino*, 380 F.3d 83 (2nd Cir. 2004)
[3] *U.S. v. Valenti*, 987 F.2d 708 (11th Cir. 1993)

tailored to serve that interest." This quoted language expresses the *Press Enterprise I* test, which decisions of this Circuit tend to use interchangeably with *Press Enterprise II*, *infra*.

8. <u>First</u>, whether or not *Valenti* is properly read as Palmer reads it, that a completely sealed docket is always unconstitutional, Palmer requests this court extend and enlarge the holding of *Hartford Courant* to be exactly that, removing the *Press Enterprise I* "escape hatch."

9. <u>Second</u>, in the alternative, because the Second Circuit has read *Press Enterprise II* test (substantial probability ) as substantially similar to the *Press Enterprise I* test, and has done so in *Doe*[4] to allow completely sealing a case upon no more than a defendant's uncorroborated "perception" of risk to his safety plus the government's lack of objection, creating a clear risk of collusion as may be well alleged to have occurred here, Palmer requests this court prohibit henceforth any procedure that may result in the complete sealing of a docket without prior notice to the public and an opportunity for the public to be heard.

10. Therefore, this docket must be unsealed, to some degree whether partially or completely as shall yet be determined,

**(3) Even if not unconstitutional *per se*, where, as here, there has been even one unsealed hearing held or unsealed document filed, or the public calendar reveals the existence of a sealed hearing, a completely unsealed docket is unconstitutional as is a partially unsealed docket sealed in part as to that hearing (or in the case of a filed unsealed document, that document).**

11. Plain vanilla Internet searches reveal that many events have happened under this docket since its presumed creation in 1998. For example, and without limitation, the court's

---

[4] *U.S. v. Doe*, 63 F.3d 121 (2nd Cir. 1995)

own web site lists events that have occurred, in one case, again for example only, stating that a telephone conference occurred on January 19, 2011 in Courtroom 8B in this matter.

12.     Insofar as, by definition any sealing of a thing operates to take away a presumptive public right of access to that thing, by definition, such sealing must be narrowly tailored to some important or compelling purpose, and at the least there must be some rational basis between the sealing and the purpose to be met. Clearly that cannot be the case where public information is available which replicates the information that would be available if unsealed, *a fortiori* where it is the court's own web pages that contain the public information.

13.     More simply, there can be no rational interest in omitting from a partially sealed docket an entry which is the date and occurrence and description of some event where the exact same information may be found from the court with the exact same docket searching.

14.     Similarly, as the Miami Herald claims to have a certain unsealed transcript of an unsealed hearing that took place in this matter on July 20, 2010, which one would certainly presume to be self-authenticating, it is unconstitutional to have a docket that does not at least contain an entry corresponding to the occurrence of that hearing, as the failure to have such a docket is a de facto sealing of the information of the existence of that hearing which sealing cannot be lawful when the hearing itself was open.

15.     (In fact, as Judicial Conference regulations require the posting on the docket of such transcripts, failing to maintain such a docket with such transcripts available is equally illegal.)

**(4) Information corresponding to that part of a sentencing which must be read aloud in open court, including without limitation pursuant to Fed. Rul. Crim. Pro. 11 and 18 USC 3553, cannot lawfully be sealed. This includes whatever Judge Wood meant about having "two sets" of judgment and commitment orders, one with and one without a statement of reasons.**

**Similarly, information as to restitution which is required by law to be given victims, where the number of victims is sufficiently large as would constitute "public" or sufficiently widely known dissemination of such information, cannot lawfully be sealed.**

16. As has been said, information or the opportunity to object to it cannot be provided or made available only to those who happen to be in the courtroom or can fit through the courtroom door. And the court can have no interest in sealing that information about sentencing which was required to be read aloud in open court.

17. (To the extent this argument implies that those portions of sentencing proceedings cannot be lawfully sealed, that implication is correct.)

18. Similarly, whatever Judge Wood meant in the below court blog post[5], to the extent it suggests that those in open court hear different things about sentences than those reading the judgment and commitment orders later, Palmer requests this court rule such unconstitutional. Businesses don't keep two sets of books. Neither should the courts.

---

[5] Comments Received by the Administrative Office of the United States Courts in response to Request for Comment on Privacy and Public Access to Electronic Case Files
No. 2
8/30/07
Chief Judge Kimba Wood

NY-S
The entry of an order to have the parties submit a redacted plea agreement or to restrict public internet access to the plea agreement would have to be docketed and would also serve as a red flag of cooperation and have the same concerns as if the cooperation was detailed in the plea agreement. A standard order that a judge issued in each case might solve the red flag problem, but I am not sure this would be compliant with Fed. R. Crim. P. 49.1. Judge Wood also expressed concern that cooperation has to be detailed as part of the sentencing and in the statement of reasons. **The statement of reasons problem has been solved by the creation of the two documents for sentencing purposes, with the statement of reasons not being filed.** [Emph. add.]

**(5) Plain vanilla Internet searches reveal that many events have happened under this docket since its presumed creation in 1998. For example, and without limitation, the court's As to all other argument which would typically accompany Palmer's requests to unseal other than as just argued...**

19. For reasons that will be clear on motion, ¶3, argument cannot be made until either this court grants a motion to seal such sight unseen or delegates the authority whether to seal such to Judge Cogan. This includes arguments to be made as to manifest necessity to prevent injustice, that the information to be unsealed is already public or sufficiently well and widely known so as to preclude sealing.

----------

_____
Montauk, New York     March 19, 2012
Frederick M. Oberlander, Esq.
The Law Office of Frederick M. Oberlander
Post Office Box 1870
28 Sycamore Lane
Montauk, NY 11954
212-826-0357  Tel.
212-202-7624  Fax
fred55@aol.com
*Attorney for Lorienton Palmer*