```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

In the Matter of Motion to Unseal          12 MC 150 (ILG)
Docket No. 98-1101


- - - - - - - - - - - - - - - - - - - X
```

## THE GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO
## THE MOTIONS TO UNSEAL THE DOCKET

```
                                    LORETTA E. LYNCH
                                    United States Attorney
                                    Eastern District of New York

EVAN M. NORRIS,
ELIZABETH J. KRAMER,
TODD KAMINSKY,
Assistant U.S. Attorneys
     (Of Counsel)
```

PRELIMINARY STATEMENT

In February 2012, this Court received a number of letters from members of the public and The Miami Herald Media Company (hereinafter "The Miami Herald") asking that the docket in United States v. John Doe, 98 CR 1101 (ILG) be unsealed.  See Docket Entries 1-4.  On March 12, 2012, The Miami Herald filed a brief in support of its motion.  See Docket Entry 8.  On March 19, 2012, Mr. Lorienton Palmer did the same.  See Docket Entry 11.  As discussed below and in the government's ex parte submission, also filed today, the motions to unseal the docket in 98 CR 1101 should be denied.[1]

---

[1] Because this case is sealed, the non-public facts in this case are addressed in a sealed, ex parte submission to the Court also being filed today.

STATEMENT OF FACTS

Since the inception of 98 CR 1101 (ILG) in 1998, the docket sheet, along with all of the documents filed therein, has been sealed. The docket is listed as <u>United States v. John Doe</u>. For reasons discussed in the government's <u>ex parte</u> submission, the case was properly sealed at its inception and continued sealing is proper at this time.

ARGUMENT

The Docket in 98 CR 1101 (ILG) Was
Properly Sealed and Its Continued Sealing
Is Appropriate Under the Relevant Caselaw

I. Legal Standard

The Second Circuit has recognized that the First Amendment grants the public and the press a "qualified right of access" to criminal court proceedings and judicial documents. Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir. 2004) (citing Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 580 (1980)); see also Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 100, 120 (2d Cir. 2006) ("[I]t is well established that the public and the press have a qualified First Amendment right to attend judicial proceedings and to access certain judicial documents."). This right extends to court docket sheets. See Hartford Courant, 380 F.3d at 96.

The Court of Appeals has established a four-part test for deciding motions for closure. First, the court must determine if there is "a substantial probability of prejudice to a compelling interest of the defendant, government, or third party, which closure would prevent." United States v. Doe, 63 F.3d 121, 128 (2d Cir. 1995) (citations omitted). Compelling interests include, among other things, the defendant's right to a fair trial, privacy interests of the defendant, victims or other persons, the integrity of certain activities entitled to confidentiality, such as ongoing

4

government undercover investigations, and danger to persons or property. Doe, 63 F.3d at 128. Second, if a substantial probability of prejudice is found, the court must consider whether "'reasonable alternatives to closure cannot adequately protect' the compelling interest that would be prejudiced by public access." Id. (citations omitted). Third, if such alternatives are found to be inadequate, the court must determine whether, under the circumstances of the case, the prejudice to the compelling interest "override[s] the qualified First Amendment right of access." Id. (citations omitted). Finally, if the court finds that closure is warranted, it should devise a closure order that, "while not necessarily the least restrictive means available to protect the endangered interest, is narrowly tailored to that purpose." Id. (citations omitted). As demonstrated in the government's ex parte submission, an analysis of these factors demonstrates that at this point in time, continued sealing of the docket and its contents is appropriate.

II. The Motions to Unseal

In its motion to unseal, The Miami Herald notes that it is only asking the Court to decide whether the docket in this case should be made available to the public. Motion of The Miami Herald dated March 12, 2012 at 3. The Miami Herald also contends that a review of a transcript from a July 20, 2010 proceeding before the Court suggests that there may be issues about whether there was an

order sealing the file at the beginning of this case and argues that there was no notice to the public about a motion to seal the file, which it was claims was required. Id. at 4. Mr. Palmer also argues that the docket should be at least partially unsealed. Palmer Motion dated March 19, 2012 ¶ 10. For the reasons stated in the government's ex parte brief, the file in this case was properly sealed at its inception and should remain sealed at this time. To the extent that the Court has any concern about the validity of the original sealing order in the case, the government asks that the Court find that the docket is properly sealed based on the facts set forth in the government's ex parte submission.

CONCLUSION

For the reasons stated above and in its ex parte submission, the motions to unseal should be denied.

Dated:   April 2, 2012
         Brooklyn, New York

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney
                              Eastern District of New York

                    By:  _____/s/_____
                              Evan M. Norris
                              Elizabeth J. Kramer
                              Todd Kaminsky
                              Assistant U.S. Attorneys