**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

In the Matter of the Motion to Unseal
Docket No. 98 - 1101

Docket No. 12 MC 150 (ILG)

**REPLY MEMORANDUM OF LAW BY MIAMI HERALD MEDIA COMPANY IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER UNSEALING THE DOCKET**

The Second Circuit, in accordance with Supreme Court decisions, has held there is a First Amendment right of access to docket sheets, with the press and public having a presumptive right of access that can be overcome only by factual showings by the party seeking to deny public access. *Hartford Courant Co. v. Pelligrino*, 380 F.3d 83, 93 (2d Cir. 2004)). The Second Circuit has explained that "the presumption of access is based on the need for federal courts…to have a measure of accountability and for the public to have confidence in the administration of justice….Although courts have a number of internal checks,…professional and public monitoring is an essential feature of democratic control….Without monitoring, moreover, the public could have no confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings." *United States v. Amodeo,* 71 F.3d 1044, 1048 (2d Cir. 1995). The docket is the way the public knows what is happening, and gives the public the opportunity to know what is going on in a case and to oppose sealing of particular records. Without a docket, the public is denied the opportunity to even know if there is judicial activity going on that might benefit from public scrutiny. "Docket sheets provide a kind of index to judicial proceedings and documents, and endow the public and press with the capacity to exercise their rights guaranteed by the First Amendment…[T]he docketing of a hearing on sealing provides effective notice to the public that

it may occur." *United States v. Alcantara*, 396 F.3d 189, 200 (2d Cir. 2005)(quoting *Hartford Courant*, 380 F.3d 83, 96.

In the face of all this, the Government takes the position that despite the First Amendment and the Second Circuit's unequivocal holdings, this Court can seal a file, including the docket, without notice to the public and without an opportunity for the press and public to oppose sealing, and can seal it based on ex parte submissions from the Government. Other than in ex parte submissions -- the sufficiency, legitimacy and validity of which cannot even be questioned at this point because it was submitted on an ex parte basis -- the Government does not even argue that (1) there is a "higher value" that justifies sealing not just the papers in the file, but the docket itself, and (2) having the entire case proceed in secret is "narrowly tailored to serve that interest." Without public docket sheets, there is no way for the public to know what has happened. As a result, "sealed dockets greatly impair, if not extinguish, the public's ability to attend court proceedings and inspect documents." Thomas, *The First Amendment Right of Access to Docket Sheets*, 94 CALR 1537, 1538 (2006). This is why our courts, including the Second Circuit, require a publicly disclosed process and an evidentiary showing justifying sealing a docket.

It is not just the Second Circuit that believes this. Federal Rule of Criminal Procedure 55 dictates that "[t]he clerk of the district court must keep records of criminal proceedings . . . [and] must enter in the records every court order or judgment and the date of entry." Fed. R. Crim. P. 55. "Every order" is unambiguous and the use of "must" makes clear that public docketing is not optional. The U.S. Attorneys' Manual, which the Government ignores, confirms that the "strong presumption against closing proceedings" leaves "very few cases in which closure would be warranted." *United States Attorneys' Manual*, 9-5.150 (updated 2008). Even if a case or

document is otherwise sealed, the Judicial Conference has urged that itemized, redacted docket sheets be posted. *See* Tim Reagan & George Cort, Fed. Judicial Ctr., *Sealed Cases in Federal Courts* 2 (2009) (discussing new Judicial Conference policy).

The law in this Circuit is clear: "docket sheets enjoy a presumption of openness" that is "rebuttable upon demonstration that suppression is essential to preserve higher values and is narrowly tailored to serve that interest." *Hartford Courant*, 380 F.3d at 96; *see also New York Civil Liberties Union v. New York City Transit Authority*, __ F3d. __, 2012 WL 10972 (2d Cir. 2012) (noting the right of access extends to civil and criminal docket sheets and that all the other circuits to address the issue agree).

The Government's position is not just inconsistent with the Second Circuit's holdings; it flatly contradicts them, as if to say the Second Circuit's rulings do not apply when the Government is the one that wants to proceed in secret. How can the press and public "exercise their rights guaranteed by the First Amendment" if not at a minimum by reviewing the docket sheets? The Second Circuit has said sealing the docket without notice, an opportunity to be heard, and without the findings of "higher values" and "narrowly tailored" relief, makes it impossible for the press and public to exercise their First Amendment rights. *Hartford Courant*, 380 F.3d at 96. *See also U.S. v. Brooklier*, 685 F.2d 1162, 1168 (9th Cir. 1982) ("[R]easonable steps should be taken to afford [interested] persons an opportunity to submit their views to the court before exclusion is accomplished."); "Robert Timothy Reagan, Fed. Judicial Ctr., *Sealing Court Records and Proceedings: A Pocket Guide* (2010) ("the public, the news media, and interested parties an opportunity to be heard on the matter."

The Government does not deny that the transcript of the proceedings before the Court on July 20, 2010 appears to indicate there may be issues as to whether there actually is an order

sealing the file or a filed motion requesting that the entire file be sealed. One can only assume from the Government's response that in fact there was no motion and there was no order, but only be seeing the docket can one tell for sure. Had the public been provided notice that such a motion was filed or that such an order was or could be entered, as the Second Circuit requires, there would be no doubt. This lack of notice to the public highlights the need to unseal the docket, as unsealing the docket could, among other things, provide the public with at least an idea of why sealing was sought and why it was ordered. As the Second Circuit held in *Alcantara*, 396 F.3d at 199, in this Circuit there are "established procedures that must be followed before closing a proceeding to which the public has a right to attend." This is not to say, of course, that a proceeding may not be lawfully closed; it is to say, however, that district courts must follow these procedures prior to closure or sealing, as "it seems entirely inadequate to leave the vindication of a First Amendment right to the fortuitous presence of a public spirited citizen willing to complain about closure." *Id.* at 200. As a result, the Second Circuit went on to say, a motion for closure should be docketed in the public docket files maintained in the court clerk's office. *Id.*

The Government recites a four part test that must be met before any portion of a file may be closed. The Government provides no factual basis for holding any portion of that test has been met. The Government does not even contend that the test or any portion of it was met when the file and the docket were sealed. All the Government says is that based on its ex parte submission, "at this point in time, continued sealing of the docket and its contents is appropriate." No facts. No argument. No citation to a single decision supporting the Government's position. As one district court recently held, "The Court cannot discern, and the Government does not identify, any higher value that is served by keeping documents and

submissions off the public docket." *Di Pietro*, *supra*, at p.3. The Court has neither invited nor authorized this substantive ex parte submission of the Government, and the Code of Conduct for U.S Judges, Canon 3(A)(4) prohibits it:

> A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law. Except as set out below, a judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers. If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested.

None of the exceptions in Canon 3(A) applies. In short, the Government's position is that the press and public are not entitled to notice or an opportunity to be heard and that this Court in the Second Circuit is free to seal an entire file, including the docket itself, without the filing of a motion and without anyone following the rules or making the showings required by the Second Circuit and the Supreme Court to overcome the presumptive First Amendment right of access of the press and the public.

**CONCLUSION**

For the reasons set forth above and in the Herald's initial memorandum, and for such

other reasons as may be presented by others, the public docket of this case should be restored, and the docket should be unsealed.

Respectfully submitted,

/s/ *Steven L. D'Alessandro*

Steven D'Alessandro
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
(212) 513-3200

Sandy Bohrer
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 789-7678
*Pro Hac Vice Admission Pending*

*Attorneys for Miami Herald Media Company*