**UNITED STATES DISTRICT COURT**      **12-MC-150**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - -- ---- - -X
IN RE APPLICATION TO UNSEAL THE      **REQUEST FOR ENLARGEMENT**
DOCKET AND CONTENTS THEREOF      **FRCP 4, 6**
IN 98-CR-1101
- - - - - - - - - - - - - - - - - - - - - - - - - - -----X

By scheduling order of September 4, 2012, the court requested briefing submitted by September 21, 2012 on issues related to a certain Motion to Withdraw.

Yesterday, September 20, 2012, pursuant to Model Rule 1.4 (for this purpose, and for purposes of the entire Motion, there is no meaningful difference between the Model Rules and the New York Rules), Mr. Lerner notified me of his likely imminent withdrawal from Wilson Elser, and as of right, see ABA Formal Opinion 99-414, I have elected to follow him at that time and not be a client of Wilson Elser thereafter. Clearly this will very soon moot the Motion to Withdraw. Just as clearly the court should have been informed.

I modified my brief to notice the court and account for it; it would have been filed and uploaded by now, but late today an attorney at Wilson Elser, repudiating of my written order not to do so, filed a purported Notice of Appearance in my behalf and followed it with a Memorandum containing what is likely perjury if deemed sworn or obstruction if not (I hedge only because while I know it to be false, I have only reasoned belief, not direct evidence, that the person stating it had mens rea rather than incompetence)[1].

To say this interfered with what would have been a simple filing is understatement. Besides Wilson Elser, I am represented by coverage counsels, ethics counsels and others, and getting them together to consult on the response to this appalling misconduct on a summer Friday evening consumed hours, especially as to Mr. Lerner and the necessary addition to his declaration, as he is in the rural Catskills and hard to reach by phone or email.

---

[1] And, though pale in comparison, their Memorandum fails to inform the court of the impending mootness, as it fails to inform the court that the Supreme Court ruled in July that any papers filed to withdraw must bear the signature of Richard E. Lerner, sole attorney of record, or they will not be considered. That is as clearly dispositive as anything, no doubt why it was omitted from their papers.

As a result, to properly incorporate what Wilson Elser has done, by this appalling misconduct, into the Memorandum and Lerner Declaration, which is necessary as it implicates the very issues of agency to be briefed, is consuming the night and will likely run into the morning hours. I cannot allow this to stand, nor, respectfully, should the court.

Accordingly, pursuant to FRCP 4 and 6, good cause shown, this request for a worst case 24 hour enlargement to accommodate the necessary additions is made before expiration of the original time, with the expectation that filing will occur sooner, in the overnight or morning hours of September 21/22, 2012. Mr. Lerner has consented on behalf of Wilson Elser. Clearly no prejudice is likely.

In an abundance of caution, if the court should decline the enlargement, I respectfully direct *in that event* that the motion for reconsideration and affidavit in support I filed in Judge Cogan's matter in 98-CR-1101 on September 14, 2012, attached hereto as Exhs. 1 and 2, be deemed opposition to the Motion here so such is not deemed unopposed. That motion for reconsiderationargues that withdrawal is impermissible as a matter of substance no matter who has the authority to file for it, as any conflict is consentable and has been consented and there would be material adverse impact on me and thus withdrawal is prohibited, and further argues that only Richard Lerner, as sole attorney of record there (as he is here) may legally file for it, which is true regardless of agency. That should suffice, as the instant motion and Memorandum simply refer to the Judge Cogan withdrawal and ask leave to withdraw "for the same reasons"; opposition "for the same reasons" should suffice.

However, I again request the court allow the overnight so I may deal directly with those issues of partnership or agency, in light of what was filed today and more fully brief the court on the issues of agency involved, though again all this will soon become moot.

Respectfully submitted,

/s/ Frederick M. Oberlander
September 21, 2012