UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| UNITED STATES | 98-CR-1101 |
|---|---|
| V. | **MOTION FOR RECONSIDERATION** |
| | ORAL ARGUMENT REQUESTED |
| FELIX SATER | EVIDENTIARY HEARING REQUESTED |

I, Frederick M. Oberlander, submit this combined declaration and memorandum of law in support of my motion for reconsideration of this court's order of August 16, 2012, granting Richard Lerner and Wilson Elser leave to withdraw.

All statements and averments of fact I make herein are, unless otherwise stated to be on information and belief, true to the best of my personal knowledge, and I so state under penalty of perjury pursuant to 28 U.S.C. 1746 this date September 14, 2012.

Because the relevant facts are almost entirely within the knowledge of the affiant Richard E. Lerner and supplied in his affidavit (which he prepared denominated as a declaration) attached hereto, and the history of the case is well known to the court, and in view of the extreme informality that has been permitted to date in the filing of requests for orders, which technically are motions subject to FRCP 7.1, as "letter applications," I ask the court accept this combined format for judicial economy.

## ARGUMENT

1. As the court recognized, motion for leave to withdraw, here for permissive withdrawal, requires consideration of several factors.

2. Those factors include (i) whether there is a conflict, or the significant risk of a conflict; (ii) whether the client has given informed consent to such; (iii) whether the attorney reasonably believes he can continue to represent the client as required by the Rules in the face of the conflict or significant risk thereof; and (iv) the degree of hardship to the client which the withdrawal would cause. See Rule 1.17. mode

3. As a precondition to withdrawal, the attorney of record must seek leave of court if the court rules require it. That is, the attorney may not withdraw if, for example, there would be substantial hardship, but even if there were not substantial hardship, the attorney may not withdraw without leave of court.

4. Here, Local Rule 1.4 does indeed require the attorney of record seek leave.

5. Richard Lerner has always been the only attorney of record for me in all matters ever litigated in connection with Mr. Sater and his hidden conviction, in all courts, at all times.

6. According to his testimony in the attached affidavit, Mr. Lerner never moved to withdraw. Aff. 2.

7. According to his testimony, to the extent that motion to withdraw purports to speak in his behalf, it is unauthorized and he disavows it. Aff. 2 [second of two "2"'s].

8. According to his testimony, at all times, Mr. Lerner reasonably believed he could adequately represent me as required for him to remain. Aff. 3.

9. In my original opposition papers, I requested a hearing at which I would produce Mr. Lerner's parol testimony to exactly those points.

10. I requested a hearing rather than rely on affidavit because I wanted the "real time" protection of sidebar or in camera review. Aff. 63-67.

11. For example, whether I gave consent is a factual issue, and if so whether it was informed is a factual issue, and detailed testimony of the contents of discussions about such consent, even arguably summary written consent, are certainly confidential and possibly privileged and I wanted the ability during testimony to stop and ask for in camera review or protective order in the event such testimony would be necessary.

12. As another example, the presence of financial hardship would entail disclosure of information, including billing information, which again by definition is confidential.

13. I had no intention of, nor would it be an issue of, asking Mr. Lerner to justify why he felt that he could not represent me as he quite clearly never felt that way. But I point out that the court's concern for Mr. Lerner's possibly having to explain why there was a conflict, though clearly now seen as misplaced given the complete 180 degree error, still would, respectfully, not justify not holding hearings because (i) your honor yourself would retain control over the questioning, obviously; and (ii) as Mr. Lerner testifies, he himself is represented not only by Wilson Elser but by multiple outside counsels and is and would be well able to be protected by them against any adverse questioning, whether by objection or motions *in limine*. Aff. 62.

14. Therefore, with respect, the court committed error in stating that Mr. Lerner as well as Wilson Elser moved for leave to withdraw, as Mr. Lerner simply did not.

15. Therefore, with respect, the court committed error in inferring, as it said it did, from the presence and filing of Mr. Lerner's motion as well as Wilson Elser's motion that Mr. Lerner did not believe he could withdraw for the obvious reason that no such motion from Mr. Lerner was ever present or was ever filed, so no such inference was possible.

16. Moreover, as Mr. Lerner explains in his testimony, which is proper as he is testifying as a fact witness with expert knowledge of the applicable law and his subjective beliefs including as to what was required of him are relevant, the court's reasoning states a list of significant risks of Mr. Lerner's representation of me as to civil contempt charges in which he himself is at risk (again which are all consentable and have been consented, see infra), the court's reasoning does not state or explain why there are any risks at all, let alone significant risks, in his representing me on the First Amendment expression issues *sub judice* before Judge Glasser, which he has been doing without problem for years.

17. Mr. Lerner has no personal involvement in those issues other than as my counsel.
18. And as Mr. Lerner testifies, it would cost a fortune, into six figures, to replace him assuming that were even possible. This is a situation where it quite literally is pragmatically impossible to replace the attorney, at least on the multi-year First Amendment issues which have generated thousands of pages of filings in many courts. Aff. 7, 16, 37.

19. And with respect, the court apparently completely failed to reach or consider such hardship, which is necessarily one of the considerations that must be taken into account.

20. (That is related to the Local Rule 1.4 requirement that the court consider the disruptive effect of withdrawal, which at least as to the matters before Judge Glaser will engender months of delay for new counsel to catch up as well as the concomitant prejudicial cost, Glasser which are not complete; this is a factual issue for which evidence must be had.)

21. (In fact, as the Rules make clear, even where, unlike here, withdrawal is mandatory, still it cannot be done in the face of such prejudice.)

22. Significantly, Mr. Lerner continues to represent me before the Supreme Court of the United States on those same issues without problem.

23. In fact, this past July, another attorney at Wilson Elser, Mr. Hyland, attempted the same thing at the Supreme Court; that is, over Mr. Lerner's and my order not to do so, he and Ms. Middleton filed a motion for leave to withdraw, citing the same "conflict."

24. The Supreme Court refused to consider it and returned it back to Ms. Middleton.

25. **The Supreme Court informed Ms. Middlteon (and me) that its reason for rejecting it without consideration was that nothing as to withdrawal, whether motion or even simple notice of withdrawal without requesting leave, would be considered, ever, without Mr. Lerner's personal signature as attorney of record, that, no matter what, if he himself had not moved or noticed by his own hand then nothing anyone else at the firm did would have legal significance. Aff. 8.**

26. (The Supreme Court notified Ms. Middleton and me, at separate times, by telephone, so there is no written rejection to attach as evidence; again, if there are communications from Wilson Elser to me documenting that, respectfully, they are attorney client privileged, not the information about the rejection per se but the fact of the communication, another example of the need for real-time hearing and in camera review.

27. Clearly as that sets the law of the case in the matter, Ms. Middleton should have so informed you. She did not. I ask you draw your own conclusions.

28. But importantly, I ask you note that Mr. Lerner, attorney of record, never submitted an affidavit in the motion to withdraw as required by Local Rule 1.4, not surprising given that it wasn't his motion to begin with and completely consistent with this motion for reconsideration insofar as it argues, and with his testimony, that he never moved.

29. Moreover, with respect, the court has committed error in its interpretation of Model Rule 1.10 governing imputation to the firm. Rule 1.10(b)(1) specifically provides that the other lawyers in the firm are not prohibited from representation when one lawyer is if that one lawyer's probation is based on a personal interest. The court was in error in considering the "screening" provision of Rule 1.10(b)(2), which is inapplicable as it covers only prohibitions based on representation of former clients, not the case here.

30. In fact, respectfully, the court's own reasoning proves the lack of imputation, as the court itself noted on its final page that "the conflict is Lerner's" which is the exact definition of the exception under 1.9(b)(1), viz. exempting from imputation issues personal to the affected lawyer, as a pending criminal charge obviously is, per se.

31. Also note that while much procedure can be avoided by the simple expedient of a new notice of appearance by Mr. Lerner, as he gave recently in 12-MC-1250 when Ms. Middleton tried the same thing there, to withdraw without authority, that would still leave behind this court's finding on the record that Mr. Lerner did not believe he could represent me and did move for leave to withdraw which creates a difficult situation for all given that it would follow that he continued to represent me all this time while believing that he could not, or that he lied when he said he could, and either is unfair to him and to me and for that reason alone the order should be voided as made in error.

32. I have given informed consent to Mr. Lerner, as he testified, as to all risks contemplated by your order as well as all other risks we thought of. Aff. 5, 52, 65

33. Mr. Lerner has accepted my consent as informed. Aff. 6, 52, 65.

34. Therefore I ask the following relief, in the alternate:

35. **First**, procedurally, I ask your honor hold open this filing. To be clear, subsequent to my request to enlarge time for reconsideration to the 14th, Judge Glasser requested substantially similar briefing on the above issues by the 21st. I sent this court by ECF an amended request for further enlargement to the 21st to coincide with the filings due before Judge Glasser for judicial economy. The court has not ruled on that request; perhaps it was overlooked (it is docket number 205). I should like the ability to withdraw and replace, or supplement by then.

36. (On that note, I ask the court note that a normal 14-day opposition period to this motion followed by a 7-day reply period would make the paperwork submission date October 5, 2012. That is three days after the October 2, 2012 hearing date for the unsealing of the contents of docket 98-CR-1101. It is quite likely that depending on the results of that hearing so much of the procedural and substantive posture of the matter may have changed that supplementation may be appropriate on all sides.)

37. **Second**, substantively, I request relief in the form of vacatur of the August 16 order based on Mr. Lerner's affidavit or; in the alternative, that the court schedule an evidentiary hearing to confirm the factual issues of risk of conflict, attorney belief, and client consent.

38. **Finally**, I respectfully object to the court's exercise of authority as to granting leave to withdraw of matters before another judge (Judge Glasser), and so I request that in granting or denying the reconsideration requested the court consider those proceedings separately from the civil contempt proceedings; for example by considering the presence or absence of attorney belief, risk or presence of conflict, and informed consent separately as to each matter. Again I note the court never explained how there might be conflicts on purely First Amendment issues before Judge Glasser, thus by definition thre could have been no adequate showing as required by Local Rule 1.4 at least as to those proceedings.

Respectfully submitted,

September 14, 2012

/s/ Frederick M. Oberlander