

LAW OFFICE OF FREDERICK M. OBERLANDER

**FREDERICK M. OBERLANDER**　　　　　　　　　　　　　　　28 SYCAMORE LANE (PO BOX 1870)
ATTORNEY-AT-LAW　　　　　　　　　　　　　　　　　　　　　　MONTAUK, NEW YORK 11954
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TELEPHONE 212.826.0357
fred55@aol.com　　　　　　　　　　　　　　　　　　　　　　　　　　FAX 212.202.7624

October 5, 2012　　　　　　　　　　　　　　**REQUEST FOR IMMEDIATE CLARIFICATION**

Hon. I. Leo Glasser　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**12-MC-150**
Federal District Judge　　　　　　　　　　　　　　　　　　　　　　　　　　　　**ECF**
Eastern District of New York

　　　Commencing with an Order to Show Cause on February 14, 2012, documents133 and 134 on 98-CR-1101, approximately 35 judicial events occurred as of late August 2012 in connection with charges of civil contempt brought against Richard Lerner and me on docket 98-CR-1101 before Judge Cogan. Most of those were filings, though 2 were hearings, on February 27 and March 5, 2012, for which purchased transcripts.

　　　About half are not properly docketed on 98-CR-1101. Yet that is where they were brought and that is how they were captioned and that is where the hearings were held and that is where they must be docketed. Whether or not they have been subsequently copied to another docket is beside the point, they were docketed on 98-CR-1101 and Article III action was requested and often taken in response. History cannot be erased.

　　　I respectfully direct the court's attention to transcripts of those hearings, Exh. 1 and 2, where it is clear that Judge Cogan explicitly stated his intent to have those proceedings and all related filings on 98-CR-1101, so it was no mistake that's where they occurred.

　　　Judge Cogan never made individualized findings of sealing anything, or make a blanket sealing order nor did he announce any hearings on those issues. Instead he relied on your "order." I do not believe or suggest that anything nefarious is going on. I am sure this was simple clerical error as it appears most if notall the other events before Judge Cogan going back to 2011 are docketed on 98-CR-1101.

　　　To avoid needless motion practice I ask confirmation as quickly as possible as time is of the essence to confirm that this will be corrected and that the docket will soon reflect each and every one of them and that those documents will indeed be subject to the unsealing proceedings about to commence.

　　　There are other events that should be docketed but are not, such as a November 2, 2010 unsealed conference call between Lerner, Kelly Moore, and the court at which the court announced its intention to enter final judgment in my favor upholding my plenary right to distribute the documents as I saw fit on the First Amendment doctrine of futility given the very many people Julius Schwarz of Bayrock had emailed them to in May 2010, and a subsequent in person status and chambers conference where Lerner, AUSA Kaminsky, Moore and the court discussed, *inter alia*, the "Lauria letter," document 12 on 98-CR-1102 which at the time was publicly available on PACER, and had been for two years, and which officially revealed Sater to have been convicted and to have been a cooperator (Exh 3 is Document 12 as I obtained it from the National Archives this year, where it remains publicly available notwithstanding its resealing by the court).

Also apparently missing are preliminary and final judgment orders of criminal forfeiture, the former required by the U.S. Attorney's Manual for RICO prosecutions and the latter required by federal law, 18 USC §1963(a), and victim notification and loss computations. I respectfully request they be docketed or their absence, as in their absence from the docket because they never existed, be confirmed.

Formal reply and objection to the government's secret filing will come shortly, before the hearing.

Thank you,

/s/ Frederick M. Oberlander