**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*



RECEIVED
11/21/01
CHAMBERS OF
I. LEO GLASSER
U.S.D.J.

EOC:DBP
F.#1998r01996
3500-1.wpd

*156 Pierrepont Street*
*Brooklyn, New York 11201*

November 20, 2001

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D. N.Y.

★ NOV 27 2001 ★

P.M. _____
TIME A.M. _____

BY FEDERAL EXPRESS

Lawrence Ray
2 Cedar Ridge Lane
Warren, New Jersey 07059

    Re: United States v. Lawrence Ray,
        Criminal Docket No. 00-196(ILG)

Dear Mr. Ray:

    Enclosed are copies of documents and audiocassette tapes which the government is providing to you pursuant to its obligations under the Jencks Act, which is codified at Section 3500 of Title 18 of the United States Code, and Rules 16 and 26.2 of the Federal Rules of Criminal Procedure. As a courtesy, since you are not an attorney, we also have enclosed copies of Section 3500 and Rules 16 and 26.2.

    As you will see, taken together, Section 3500 and Rule 26.2 provide that after a witness called by the government has testified on direct examination, a defendant may ask the judge to order the government to give the defendant copies of any written or recorded statements of the witness in the government's possession relating to the subject matter about which the witness testified. As a courtesy, this Office generally does not wait for a defendant to make a motion to receive such materials, nor do we wait until the witness has testified on direct examination to provide copies of such materials. We also generally take a broad view regarding which statements "relate" to the subject matter of a witness's testimony.

    With these principles in mind, we are providing you with copies of (i) transcripts of prior testimony of Professor Steven Thel, who will be called by the government as an expert witness,¹ (ii) copies of reports of interviews of you by FBI

---

¹ The nature of Professor Thel's expert testimony is described in a separate letter to you dated today.

2

Special Agents Gary Uher and Leo Taddeo,[2] both of whom the government expects to call as witnesses, and (iii) audiotapes of recorded conversations involving Joseph Polito and Felix Sater, both of whom will be called by the government as a cooperating witnesses.[3] With regard to the audiotapes, we do not intend to offer any of them into evidence at trial and do not believe they will have any relevancy at trial. However, for the reasons set forth above, we provide them to you, in an abundance of caution, to ensure that there is no question that we have satisfied all of our obligations to you under Section 3500.

Finally, we wish to advise you of your reciprocal obligations to provide materials to us.

First, Rule 16 of the Federal Rules of Criminal Procedure provides that, upon request of the government (which we previously made, in a letter to your prior attorney), you must allow us to inspect and copy any books, papers, documents, photographs, tapes, tangible objects, or copies or portions thereof, which are in your possession, custody or control, and which you intend to introduce as evidence or otherwise rely on at trial. You must also provide us with copies of any reports of physical or mental examinations and/or of scientific tests or experiments made in connection with this case, or copies thereof, which are in your possession and which you intend to introduce as evidence or otherwise rely on at trial. Finally, you must provide us with the identity of any expert witnesses you intend to call, along with a summary of their testimony. If you fail to comply with any of these obligations, the Court may order that you be preclude from offering into evidence any materials you failed to turn over to us in violation of your Rule 16 obligations.[4]

---

[2] Copies of the Uher and Taddeo reports were provided to you previously. We nonetheless provide you with additional copies as a courtesy.

[3] You were provided, under cover of a letter dated yesterday, with copies of materials relating to the testimony of Polito and Sater, along with copies of materials relating to another cooperating witness, Salvatore Lauria.

[4] Please be advised that this letter does not purport to list and describe all of your obligations under Rules 16 and 26.2 and all the other rules in the Federal Rules of Criminal Procedure. You should looked to the Rules themselves, not the summary provided by us in this letter.

3

Second, you bear the same obligations we bear under Rule 26.2; therefore, you must provide us with copies of any written or otherwise recorded relevant statements of witnesses you intend to call at trial. The rule allows you (as it allows us) to withhold such materials until after the witness has testified; however, we ask you to provide us with the same courtesy we have provided you, and to give us copies of such materials now.

Very truly yours,

ALAN VINEGRAD
UNITED STATES ATTORNEY

By: _____
David B. Pitofsky
Assistant U.S. Attorney

cc: Clerk of the Court
(by interoffice mail)
(w/o enclosures)