RJN 00 000018 102212



# JEFFREY LICHTMAN
ATTORNEY AT LAW

41 MADISON AVENUE
34TH FLOOR
NEW YORK, NEW YORK 10010

TELEPHONE: 212 689 9555
FAX: 212 689 7050

January 16, 2002

**BY FEDERAL EXPRESS**
Mary Ann Betts
United States Probation Officer
Eastern District of New York
75 Clinton Street
Room 405
Brooklyn, New York 11201-4201



Re: <u>U.S. v. Lev</u>, 00 CR 196 (S-1) (ILG)

Dear Ms. Betts:

As counsel for Daniel Lev, I am submitting, pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, his objections to the Presentence Report ("PSR"). The objections are factual in nature and will be addressed in the order stated in the PSR.

<u>Paragraph 33</u>:

The defendant rejects the claim that he was involved in the U.S. Bridge Stock fraud. In addition, as defendant Lev allocuted during his guilty plea, he harassed Felix Sater's father in an attempt to convince him that he should dissuade his son from testifying in the <u>U.S. v. Coppa, et al.</u> case. As the government knows, Mr. Lev was approached by Mr. Sater (not the other way around) and never threatened or intimidated him in any manner. In sum, Mr. Lev attempted to influence Felix Sater from testifying against *him and anyone else* in this case.

Furthermore, Daniel Lev's guilty plea was not the sole cause Felix Sater was not called as a witness in this case. Sater was a witness against many other defendants who ultimately pleaded guilty. In the defendant's estimation, the reason the RICO charges against him were dropped is because the bulk of the evidence against him – the testimony of government witnesses Sater and Gennady Klotsman -- was unreliable.



JEFFREY LICHTMAN

Mary Ann Betts
United States Probation Officer
January 16, 2002
Page 2

Paragraph 71:

There is seemingly no point in including the defendant's parents' criminal histories here as neither of them are before the Court for sentencing. In addition, there is no claim that the crimes for which they were convicted (they both received probationary sentences) have any relation to the charges originally lodged against Daniel Lev.

Paragraph 83

Mr. Lev never claimed that ITC "has no bank accounts, properties, accounts receivable, other assets or liabilities." ITC is a functioning business which has, according to information contained in this very paragraph, "1000 [cellular telephone] subscribers and 200 employees." The defendant merely claimed that as a minority shareholder, his is not in a position to provide financial records of this privately held business located in the Ukraine.

Very truly yours,

Jeffrey Lichtman

cc: Jonathan Sack, Esq. (by telefax)
Assistant United States Attorney

Hon. I. Leo Glasser (by Federal Express)

Clerk of the Court (ILG)