BEYS, STEIN & MOBARGHA LLP

Michael P. Beys
646.755.3605 (Direct)
mbeys@beysstein.com

November 19, 2012

**VIA FACSIMILE (718) 613-2446**

The Honorable I. Leo Glasser
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: In re Applications to Unseal 98 CR 1101 (ILG);
      Miscellaneous Docket No. 12-150 (ILG);
      Order to Show Cause for Sanctions, 11/13/12

Dear Judge Glasser:

  We respectfully submit this letter on behalf of John Doe ("Doe"), in connection with the Court's Order to Show Cause, dated November 13, 2012, why sanctions should not be imposed on attorneys Richard Lerner ("Lerner") and Frederick M. Oberlander ("Oberlander") for their frivolous filing of a "Request for Judicial Notice," dated October 23, 2012. A hearing on the Order to Show Cause is scheduled for Monday, November 19, 2012 at 4:00 p.m.

  Because the imposition of sanctions requires a finding that an attorney acted in bad faith and with an improper purpose, we wish to bring to the Court's attention written proof of Oberlander and Lerner's improper motives throughout this litigation. Simply put, Oberlander and Lerner's true goal in exposing Doe's true identity and cooperation has never been to advance the public's First Amendment or common law right of access to court records or proceedings. Quite to the contrary, their true goal was to use Doe's sealed case as leverage to extort nineteen defendants in a related case, including four prestigious law firms, into paying them millions of dollars.

  Specifically, in May 2010 Oberlander filed a lawsuit on behalf of plaintiff Jody Kriss in the Southern District of New York, attaching several sealed documents in Doe's underlying criminal case, 98 CR 1101 (ILG), to the complaint. *Kriss v. Bayrock*, 10 CV 3959 (PAE). He named nineteen defendants in that action, including Doe, Bayrock – Kriss and Doe's former company – and four prestigious law firms, namely, Nixon Peabody LLP, Roberts & Holland LLP,

November 18, 2012

Duval & Stachenfeld LLP, and Akerman Senterfitt LLP, which had all done work for Bayrock.[1] He even named one of their malpractice insurance carriers as a defendant, National Union Fire Insurance Co. of Pittsburg, PA.[2] *See* Ex. 1, Excerpt of Docket Report for 10 CV 3959 (PAE).

After Oberlander filed the lawsuit, this Court held a series of hearings in June and July 2010 on how Oberlander obtained the sealed documents in the first place. With Lerner as his counsel, Oberlander admitted under oath that he knew Doe's documents were under seal (although he has claimed to the Court that sealing orders do not apply to him); and that he knew that Doe's documents had been stolen (although he has claimed this does not matter under the law). In fact, the person who stole the documents, has since disclosed in a sworn affidavit the circumstances of his giving the stolen documents to Oberlander and Kriss – facts which show Oberlander's & Kriss's participation in the theft and Oberlander's lying about it under oath before this Court.

Over the next several months, particularly in October and November 2010, Oberlander, Lerner and Kriss made their true plan and motivation perfectly clear to Doe, his prior counsel, and other defendants: to use Doe's sealed documents as leverage to extort a $105,000,000 dollar settlement from the other defendants, particularly the "deep pocket" defendants and reputable law firms, who would demand the money from their insurance carriers just to avoid the bad publicity of being associated with Doe and his criminal past. However, to carry out their plan, Oberlander needed to expose Doe's sensational past and his sealed information, or at least threaten to do so. That was the leverage. As Oberlander told several people, he needed Doe to "stop filing motions and get out of the way," so he could attempt to obtain the desired settlement from the law firms. If the case were settled, Oberlander would not expose Doe's sealed records, and the public would never know about them. If, however, Doe did not cooperate with him, Oberlander and Lerner would expose Doe's sealed documents to the public, and Doe would have to suffer the consequences.

---

[1] To illustrate the absurdity and lack of merit of Oberlander & Kriss's lawsuit, the Court should be aware that plaintiff Jody Kriss was the Director of Finance at Bayrock, and according to the website of his new company, East River Partners, www.eastriverpartners.com, was Bayrock's co-founder. Also, Kriss's father, Ronald Kriss, had long been a senior partner at co-defendant Akerman Senterfitt, and the de facto General Counsel of Bayrock, on whose legal opinion Doe and others relied. It was Ronald Kriss's idea for Bayrock to appoint his son Jody Kriss as the Director of Finance, signatory and the company's nominal head, so that Doe would not need to disclose his involvement in the company. Ronald Kriss received over $1,000,000 in fees from Bayrock, which his son Jody Kriss approved as the Director of Finance.

[2] The Court should be aware that plaintiff Kriss had previously filed a nearly identical lawsuit in Delaware Chancery Court, but the Court dismissed the case on the basis that it was an employment action barred by an arbitration clause in Kriss's employment contract with Bayrock. Kriss thereafter enlisted Michael Chudi Ejekam, who has fraudulently claimed to be a Nigerian prince, as an additional plaintiff in order to overcome and circumvent the Delaware Chancery Court's ruling.

November 18, 2012

      Indeed, Oberlander and Lerner put their extortion strategy in writing. On October 18, 2010, Oberlander wrote a letter to Doe's prior counsel captioned, "Plaintiff's Demand for the Payment of $105,000,000 Communication In Contemplation of Settlement." As he wrote in a footnote, "At this time, plaintiffs will very favorably consider settling the entirety of all claims known and unknown for their actual damages of $35,000,000. This … is the least amount which plaintiffs would be willing to accept for <u>a quick settlement that avoids the dissemination</u>." (Emphasis added.) He was referring of course to dissemination of Doe's sealed documents.

      Similarly, Lerner made the extortion threats clear in a series of emails to Doe's prior counsel. On October 21, 2010, Lerner wrote: "If this case doesn't settle quickly, it is hard to see how [others] won't ultimately get [their] hands on the Kriss v. Bayrock complaint." Four days later, on October 25, 2010, he wrote: "On a final note, Mr. Oberlander fully understands that Mr. [Doe] does not have the assets to fund the settlement of this case by himself. If Mr. [Doe] adopts a more conciliatory attitude, surely those who have the most to lose will also come to the table with a conciliatory attitude." By "those who have the most to lose," Lerner was referring of course to the law firms, their insurance carriers and the other "deep-pocket" defendants, and by "com[ing] to the table with a conciliatory attitidue," he was referring to the defendants paying Oberlander, Lerner and Kriss millions of dollars.[3]

      Several days later, in another letter to Doe's prior counsel, dated November 9, 2010, Oberlander made their plan of extortion even more obvious, in fact inviting Doe to become a participant in this extortion, which Doe obviously refused. As he wrote in his letter:

> If you wish [Doe's] activities lawfully kept quiet to any extent, stand still, stop filing motions and get out of the way so Plaintiffs can try to resolve the case before everything uploads to PACER and goes public. The only way to prevent worldwide notoriety will be a globally stipulated sealed confidentiality order accompanying a global settlement… If you don't stipulate I'll get it so ordered anyway because (as Judge Glasser himself pointed out) the issue of dissemination is moot, but you'll have wasted more time and be that much closer to the time when Judge Buchwald orders this public and your client finds this on the front pages everywhere … I can with confidence predict from the settlement discussions I've had that all the defendants will be delighted to keep this quiet … If this case is not settled quickly, it will surely go viral. If you obstruct the settlement instead of helping get there, everything will

---

[3]     At all relevant times, Lerner was a partner, agent and representative of the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP.

November 18, 2012

> go public with clockwork inevitability.... No power on earth will much longer prevent as much lawful and legal worldwide dissemination of this Complaint and every document attached thereto or referenced therein as the public and press doing the dissemination think its value justifies ... Only a sealed confidential settlement agreement Plaintiffs find acceptable, executed very soon, can stop that... Always remember, if I can't settle this in time now, you will have brought this about by your decisions, taking the tactical nuclear device I filed in SDNY and enhancing it beyond what even I could have, magnifying its yield to that of a strategic thermonuclear weapon by dragging in EDNY and that disaster... I see legal ways out for your client which are in my clients' interests to facilitate. You won't see them. You need my help. Take it. Fast. Or Judge Buchwald will be presiding over World War III with coverage likely on the front page of the New York Law Journal.

*See* Ex. 2, Letter from F. Oberlander to B. Harman, dated November 9, 2010.

As Oberlander and Lerner's written statements show, the sealing litigation before this Court has never been about the public's First Amendment or common law right of access. It has never even been about John Doe and his underlying case, although they are willing to use him as a pawn and even a partner in their scheme. For Oberlander, Kriss and Lerner, this case has always been about money, a plan to extort law firms, their insurance carriers and others out of millions of dollars in a separate action in the Southern District. The sealing litigation in this Court has been nothing more than an unwanted detour in their ultimate scheme to illegally profit from their extortion.

It is against this backdrop that Oberlander and Lerner's actions must be judged, and their irrelevant, 742-page filing on October 23, 2012 must be viewed. This filing – and all of their previous actions – show that Oberlander and Lerner have only ever acted in bad faith and with an improper purpose.

Respectfully Submitted,

Michael P. Beys
Beys, Stein & Mobargha LLP
*Counsel for John Doe*

November 18, 2012

cc: The Honorable Brian M. Cogan

    Frederick M. Oberlander, Esq.
    Richard E. Lerner, Esq.

    Stephen Green, Asst. U.S. Attorney, N.D.N.Y.

    Todd Kaminsky, Asst. U.S. Attorney, E.D.N.Y.
    Evan Norris, Asst. U.S. Attorney, E.D.N.Y.
    Elizabeth Kramer, Asst. U.S. Attorney, E.D.N.Y.

# Exhibit 1

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:10-cv-03959-PAE

| | |
|---|---|
| Kriss et al v. BayRock Group LLC et al | Date Filed: 05/10/2010 |
| Assigned to: Judge Paul A. Engelmayer | Jury Demand: Plaintiff |
| Demand: $9,999,000 | Nature of Suit: 470 Racketeer/Corrupt Organization |
| Related Case: 1:10-cv-06338-NRB | Jurisdiction: Federal Question |
| Cause: 18:1962 Racketeering (RICO) Act | |

**Plaintiff**

**Jody Kriss**
*directly and derivately on behalf of BayRock Group LLC*

represented by **Frederick Martin Oberlander**
Mundie Law Firm
11 Penn Plaza, 5th Floor
New York, NY 10001
212-826-0357
Fax: 212-202-7624
Email: fred55@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Ejekam**
*directly and derivately on behalf of BayRock Group LLC*

represented by **Frederick Martin Oberlander**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**BayRock Spring Street LLC**

represented by **Frederick Martin Oberlander**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**BayRock Whitestone LLC**

represented by **Frederick Martin Oberlander**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

BayRock Group LLC

**Defendant**

Tevfik Arif

**Defendant**

Julius Schwarz

**Defendant**

Felix Satter

**Defendant**

Brian Halberg

**Defendant**

Salvatore Lauria

**Defendant**

Alex Salomon

**Defendant**

Jerry Weinrich

**Defendant**

Salomon & Company PC

**Defendant**

Akerman Senterfitt LLP

**Defendant**

Martin Domb

**Defendant**

Craig Brown

**Defendant**

Duval & Stachenfeld LLP

**Defendant**

Bruce Stachenfeld

**Defendant**

David Granin

**Defendant**

Nixon Peabody LLP

**Defendant**

Adam Gilbert

**Defendant**

Roberts & Holland LLP

**Defendant**

Elliot Pisem

**Defendant**

Michael Samuel

**Defendant**

Mel Dogan

**Defendant**

BayRock Spring Street LLC

**Defendant**

John Does 1-100

**Defendant**

BayRock Whitestone LLC

**Defendant**

BayRock Camelback LLC

**Defendant**

BayRock Merrimac LLC

**Defendant**

BayRock Group Inc.

**Defendant**

National Union Fire Insurance Co. of Pittsburgh, PA

**Nominal Defendant**

BayRock Group LLC

**Nominal Defendant**

BayRock Spring Street LLC

## Nominal Defendant

## BayRock Whitestone LLC

| Date Filed | # | Docket Text |
|---|---|---|
| 05/10/2010 | 1 | COMPLAINT against Tevfik Arif, Julius Schwarz, Felix Satter, Brian Halberg, Salvatore Lauria, Alex Salomon, Jerry Weinrich, Salomon & Company PC, Akerman Senterfitt LLP, Martin Domb, Craig Brown, Duval & Stachenfeld LLP, Bruce Stachenfeld, David Granin, Nixon Peabody LLP, Adam Gilbert, Roberts & Holland LLP, Elliot Pisem, Michael Samuel, Mel Dogan, BayRock Spring Street LLC, John Does 1-100, BayRock Whitestone LLC, BayRock Camelback LLC, BayRock Merrimac LLC, BayRock Group Inc., National Union Fire Insurance Co. of Pittsburgh, PA, BayRock Group LLC. (Filing Fee $ 350.00, Receipt Number 904026)Document filed by Jody Kriss, Michael Ejekam, BayRock Spring Street LLC, BayRock Whitestone LLC.(ama) (Entered: 05/14/2010) |
| 05/10/2010 | | SUMMONS ISSUED as to Tevfik Arif, Julius Schwarz, Felix Satter, Brian Halberg, Salvatore Lauria, Alex Salomon, Jerry Weinrich, Salomon & Company PC, Akerman Senterfitt LLP, Martin Domb, Craig Brown, Duval & Stachenfeld LLP, Bruce Stachenfeld, David Granin, Nixon Peabody LLP, Adam Gilbert, Roberts & Holland LLP, Elliot Pisem, Michael Samuel, Mel Dogan, BayRock Spring Street LLC, John Does 1-100, BayRock Whitestone LLC, BayRock Camelback LLC, BayRock Merrimac LLC, BayRock Group Inc., National Union Fire Insurance Co. of Pittsburgh, PA, BayRock Group LLC. (ama) (Entered: 05/14/2010) |
| 05/10/2010 | | Magistrate Judge Frank Maas is so designated. (ama) (Entered: 05/14/2010) |
| 05/10/2010 | | Case Designated ECF. (ama) (Entered: 05/14/2010) |
| 05/14/2010 | 2 | ORDER: It is hereby ORDERED that no further dissemination of the complaint and exhibits thereto or the sealed information contained therein be made pending further order of the Court; and it is further ORDERED that plaintiffs' counsel immediately contact all persons who have received a copy of the complaint and inform them of this Court's order that there be no further dissemination of the complaint and exhibits thereto or the sealed information contained therein pending further order of the Court. Copies Mailed By Chambers. (Signed by Judge Naomi Reice Buchwald on 5/13/2010) (jfe) Modified on 5/14/2010 (jfe). (Entered: 05/14/2010) |
| 05/14/2010 | 3 | ORDER: It is hereby ordered that the original complaint be sealed pending further order of the Court; and it is further ORDERED that a redacted version of the original complaint, redacting any sealed documents or references to sealed documents, be filed with the Clerk of the Court by May 19, 2010, to be followed by an electronic (.pdf) version of the redacted complaint. (Signed by Judge Naomi Reice Buchwald on 5/14/2010) Copies Mailed By Chambers.(jpo) Modified on 5/18/2010 (jpo). (Entered: 05/18/2010) |
| 05/14/2010 | | Transmission to Sealed Records Clerk. Transmitted re: 3 Order, Set Deadlines/Hearings,,, to the Sealed Records Clerk for the sealing or unsealing of |

# Exhibit 2

## LAW OFFICE OF FREDERICK M. OBERLANDER

**FREDERICK M. OBERLANDER**
ATTORNEY-AT-LAW

fred55@aol.com

28 SYCAMORE LANE (PO BOX 1870)
MONTAUK, NEW YORK 11954
TELEPHONE 212.826.0357
FAX 212.202.7624

November 9, 2010

**CANCELLATION OF STIPULATED STANDSTILL
COMMUNICATION IN CONTEMPLATION OF SETTLEMENT**

Brian Herman, Esq.
Morgan Lewis
(by email, facsimile, and Fedex)

Re: *Kriss et al. v. Bayrock Group LLC et al.*   SDNY 10 CIV 3959
    *United States v. John Doe*                 EDNY 98 CR 1101

Dear Mr. Herman:

Please take note that I myself in my own behalf, and as counsel for and in behalf of my clients Mr. Kriss and Mr. Ejekam, declare the stipulated standstill agreement of August 12, 2010 in re EDNY 98 CR 1101 to be cancelled as to all three of us, as of right, such cancellation to be effective Tuesday, November 16, 2010. I and my clients reserve all other rights thereunder, including without limitation all other rights to cancellation as may exist.

As you know, Plaintiffs have determined that dozens of copies of the complaint and exhibits were sent out by third parties acting on their own, primarily by Mr. Schwarz, prior to any court ever ruling on anything, and then circulated by them and those who received them. There isn't anything you can do about it. There is no legal recourse to anyone.

If you wish Mr. Sater's activities lawfully kept quiet to any extent, stand still, stop filing motions and get out of the way so Plaintiffs can try to resolve the case before everything uploads to PACER and goes public. The only way to try to prevent worldwide notoriety will be a globally stipulated sealed confidentiality order accompanying a global settlement. No prior restraint ever was possible and thanks to your litigation in EDNY and what it revealed and the transcripts thereof, all you have accomplished now is to guarantee massive public interest in the cover-up not only of the Sater conviction but the super sealed files and the evasion of mandatory restitution of the $10,000,000 (give or take) that Plaintiffs can allege Mr. Sater took out of Bayrock and the wrongful concealment of the $600,000,000 RICO chose in action available against Mr. Sater, concealments themselves RICO predicates, which by definition make all these matters of public interest so beyond any First Amendment threshold as to make silly any attempt to enjoin.

I am sending separately a litigation standstill agreement for the SDNY matter, which is in everyone's interest and which matches in substance and duration the standstill the Bayrock defendants (including Mr. Schwarz) all signed two weeks ago. It includes a stipulation as to serving the original complaint as filed.

If you don't stipulate I'll get it so ordered anyway because (as Judge Glaser himself pointed out) the issue of dissemination is moot, but you'll have wasted more time and be that much closer to the time when Judge Buchwald orders this public and your client finds this on the front pages everywhere, including New York, Iceland, Turkey, and Kazakhstan, and all the other plaintiffs worldwide, including Glitnir (which already knows of the EDNY criminal matter from public filings but not yet about your client), join the party.

I can with confidence predict from the settlement discussions I've had that all the defendants will be delighted to keep this quiet, if it is in Plaintiffs' interests to ask them to do so and if such can be done while allowing Judge Buchwald to respect the presumptive common law right of access to civil litigation filings.

You have two friends, Plaintiffs and the Second Circuit, where it is Holy Grail to protect sealed and stipulated confidential civil settlement agreements even against grand jury subpoena. But first there has to be such a settlement agreement. And that lies in the discretion of Plaintiffs. If this case is not settled quickly, it will surely go viral. If you obstruct a settlement instead of helping get there, everything will go public with clockwork inevitability. This is not a threat, it is mathematics. And it is certain.

No power on this earth will much longer prevent as much lawful and legal worldwide dissemination of this Complaint and every document attached thereto or referenced therein as the public and press doing the dissemination think its value justifies. You already saw what *Courthouse News* thought of it, and everything else I file about Bayrock, entirely without my or my clients' involvement. Only a stipulated sealed confidential settlement agreement Plaintiffs find acceptable, executed very soon, can stop that.

You claim to be worried about Mr. Sater's notoriety yet all you managed to do is get back to where we were in May with the decidedly non-trivial addition of a preclusive judicial determination that I and my clients did nothing wrong and can disseminate at will. You've handed my clients preclusive judicial affirmation of what they already had, the First Amendment right to disseminate, created worldwide front page news value based on what was revealed about what went on here, and intentionally interfered with their ability to settle the case by adopting the ridiculous argument that serving a complaint on someone who already had it was wrongful, as a result practically guaranteeing loss of time needed to settle and an ensuing public disaster for your client who by your own admission is the most exposed to publicity of all.

You say his safety is threatened. My clients are not endangering it. They are endangering his economics. Ask the Sapirs and iStar how happy they'll be when Trump SoHo sales are shut down, the money refunded, and the offering plan voided and they possibly face bar from further development in New York because your client was concealed from disclosure in the offering documents. I think they have $120,000,000 in the project behind iStar, which has $300,000,000. That's $420,000,000 riding on a project worth now I think $240,000,000. And I believe the Sapirs guaranteed at least some of the loan. Kramer Levin will be overjoyed, all the more since Steptoe already found their connection with FL while litigating FL's fraud on Glitnir depositors and would love to connect your client, all of which is in the Complaint (ask him about his dealings with Kramer Levin), and you better believe if this blows up I'm inviting them in through their counsel, as well as all the buyers now suing before Judge Wood, who will be delighted to know that while they don't have securities fraud, they have RICO, with far bigger value. I look forward to your client's testimony that he didn't own much of Bayrock, owned no membership interests, while he tries to explain why Akerman Senterfitt drafted a trust for his wife and children for the express, stated purpose of assigning his Bayrock membership interests to the trust, which my clients alleged he executed as part of the cover-up.

He's going to be an awfully popular fellow. Always remember, if I can't settle this in time now, you will have brought this about by your decisions, taking the tactical nuclear device I filed in SDNY and enhancing it beyond what even I could have, magnifying its yield to that of a strategic thermonuclear weapon by dragging in EDNY and that disaster. You say you did this to protect Mr. Sater? I don't get it. I really don't.

**Sign the litigation standstill and get out of the way**. You have seven days to seek further relief from Judge Glasser. If you do, if you don't standstill, if you continue to interfere with service or dissemination, if I see letters, motions, or anything else, I will instruct counsel to seek emergency relief. And I'll get it. And you'll get the inevitable, concomitant global public news and media coverage of everything everywhere.

You and Ms. Moore may meet with me any time this week. Do not mistake the tone of this letter. It is not arrogant. It is, "What were they thinking?" Listen to me. I see legal ways out for your client which are in my clients' interests to facilitate. You won't see them. You need my help. Take it. Fast. Or Judge Buchwald will be presiding over World War III with coverage likely on the front page of the New York Law Journal.

Sincerely yours,

Frederick M. Oberlander
Attorney-at-Law