# LAW OFFICE OF FREDERICK M. OBERLANDER

**FREDERICK M. OBERLANDER**  
ATTORNEY-AT-LAW

Fred55@aol.com

28 SYCAMORE LANE (PO BOX 1870)  
MONTAUK, NEW YORK 11954  
TELEPHONE 212.826.0357  
FAX 212.202.7624

March 27, 2013

**12-MC-150 *IN RE UNSEALING OF 98-CR-1101*  
JOINT REQUEST FOR ENLARGEMENT OF TIME  
TO FILE MOTION FOR RECONSIDERATION FRCP 6(B)**

The Hon. I. Leo Glasser  
Eastern District of New York  
(by ECF)

On March 13, this court issued and entered on its docket as item 104, cross-docketed on 98-CR-1101 as item 220, an Order directing the unsealing of certain documents on docket 98-CR-1101. That order concludes with the statement:

> A Memorandum and Order providing the bases for those findings, together with the documents at issue and the sealed transcripts of the in camera proceedings at which those findings were made, will remain sealed and submitted to the Court of Appeals for review and determination.

Counsels presumed such Order would be forthcoming and they then appropriately notified of its entry, as any order is a nullity until entered on the civil docket (see FRCP 58, FRCP 79(a)) and the dockets in both 1101 and 150 are open. We further assumed it would be redacted only to the degree constitutionally permissible under the circumstances and only then after notice, hearing, and findings of least restrictive means. It seems we were wrong, that this court issued such an order in secrecy and didn't docket it. We only learned of it when Solicitor General Verrilli sent it to us by mail and by email on March 22, 2013. The secret order apparently was filed on March 14, 2013, though what exactly that means ("filed") when it isn't docketed is unclear.

As this March 14 order supersedes the order of March 13, and we will move for reconsideration of the court's decisions as to redactions and complete sealings, which are addressed in this March 14 order, as there are factual and legal errors in the court's findings and conclusions, we respectfully request the court confirm we may have until April 5, 2013, 14 days from the date General Verrilli gave it to us, in which to so move pursuant to Local Rule 16.3, which in any event provides, in the absence of enlargement for 14 days from *entry*, which has not legally occurred

We also request the court docket the secret order. Again, technically, there is no order until it's docketed, so we shouldn't have to make this request, but as you may have sent material to the Court of Appeals including that order and we may wish to appeal if motion for reconsideration is denied, to the extent the order is deemed entered, which we do not concede, this is deemed a request for enlargement of time, which may be properly made by letter (and in fact made ex parte). We ask the court note both counsels were unavailable for two days, as was the court, for religious observance and it would be unfair to expect us to so move in the very little time we had since General Verrilli's disclosure to us of the order. Of course it would be in fact more than unfair, it would be violative of due process to fail to allow us to refute or move to reconsider an order resolving at least part of our own motion.

Obviously no request for enlargement in this issue, of this secret order, has been made before, and we did ask Mr. Kaminsky for his consent to the enlargement late Monday before sundown, though he has not responded yet. We will be asking counsel for Mr. Sater immediately with this filing.

With appreciation,

/s/ Frederick M. Oberlander, for Lorienton Palmer  
/s/ Richard E. Lerner, for Frederick M. Oberlander