# LAW OFFICE OF FREDERICK M. OBERLANDER P.C.

**FREDERICK M. OBERLANDER**  
ATTORNEY-AT-LAW

fred55@aol.com

28 SYCAMORE LANE (PO BOX 1870)  
MONTAUK, NEW YORK 11954  
TELEPHONE 212.826.0357  
FAX 212.202.7624

April 11, 2013

Honorable I. Leo Glasser  
United States District Judge  
United States District Court  
EDNY  
Brooklyn, NY 10007

**REQUESTING PARTIAL SEAL**

**VIA FAX TO (718) 613-2446**

12 MC 150 *Application to Unseal*

Dear Judge Glasser:

We the undersigned counsels for Frederick Oberlander and Lorienton Palmer request an enlargement of time to run through April 19, 2012, but if in the court's discretion the time must be shorter we request as an absolute minimum five days, to run through April 16, 2012, in which to file a motion for reconsideration of this court's March 15, 2013 order.

Good cause exists. Frankly, when we requested the docketing and the time to file, we didn't realize because it was requested in the middle of Passover that it would coincide with the week immediately leading up to April 15, and Mr. Oberlander's tax practice has consumed much time in the last week that made completion by today impossible. But there are specific grounds as well.

**First**, [REDACTED] But it has caused delay obviously without our fault. Accordingly we are redacting the PACER version of this letter.

**Second**. There is nothing in that March 15 order, with the possible exception of a few sentences, that needs to be sealed. But there is something in there that must not be, and it is of grave concern to us and is taking very considerable time to deal with, and we are about to bring in the EDNY and the Solicitor General in discussion to deal with it. We refer to the events surrounding the alleged [REDACTED] Obviously we are well aware of the allegations, and obviously that basis for sealing anything is of grave concern to us as we believe it to be the product of substantial fraud by Mr. Sater's counsel and their client.

As that order has made it to the United States Supreme Court now, we wish the opportunity to engage the SG in this, because we are in uncharted territory, having to file reconsiderations for denial of certiorari on the merits and procedural substance of that order while the same exact arguments are put forth to your honor below. We have a pending motion before that Court as to this March 15 order which has not yet been acted upon, and our further papers will be due next week on April 19 as well, so it would work well if we had the extension from your honor so we may prepare all filings for all courts simultaneously.

And as you know, the above-referenced order, including that part of it, was issued without the benefit of our submission of evidence and argument. It was an ex parte in camera order. We have found recent appellate authority, in the Ninth, which we are briefing, holding it unconstitutional even in a proceeding properly conducted in camera for national security reasons, not to allow the introduction of evidence by the petitioner demanding openness, including testimonial evidence, even if the arguments and evidence of the other side are not revealed to him.

**Third**, the court in its March 15 order correctly noted that in this circuit the public's right to access documents is founded either in the First Amendment or at common law, and based its decisions on the standards applicable in each case. But those are not the only bases on which access may be granted. Specifically, certain persons possess rights to access that are not shared by the public. This situation occurs, and specifically occurs here, where someone particularly aggrieved by lack of access has a juridically cognizable right to access particular only to him.

In this case, Mr. Oberlander was very recently retained to represent persons (members of the Gottdiener family) who are clearly federally protected crime victims of Mr. Sater, as defined in the CVRA, 18 USC §3771, obviously so because they were held so, to be victims of the same enterprise crime, by your honor in *Coppa* just this December. Recently, a federal district court in Washington, D.C., evidently the only court to rule on the issue, has held that the CVRA conveys such victims *statutory* rights of access to certain documents, for example plea agreements, not held by the general public.

Rather than clog the courts with yet another substantially duplicative plenary access proceeding in behalf of those clients, since Mr. Oberlander now possesses *jus terii* standing in respect of them we believe we can effectively represent them by including the very few arguments they have for access pursuant to their *statutory* rights to matters remaining sealed in our motion for consideration, very obviously far less costly in court time and overhead than commencing another proceeding even without formal intervention.

This too must be addressed simultaneously in the Supreme Court filings.

**Fourth**, two weeks ago, when Mr. Kaminsky himself learned of Mr. Oberlanders recent engagement as counsel to the Gottdieners, he called Mr. Oberlander and asked if he should inform the USAO that there would be further litigation, to which Mr. Oberlander said there probably would not be so long as the USAO would kindly stipulate that the Gottdieners were statutory victims of Mr. Sater and not force needless CVRA litigation on the issue. Mr. Oberlander asked Mr. Kaminsky to discuss the matter with Mr. Miller, who is the victims rights responsible person in EDNY as well as representing the government during Mr. Sater's sentencing at least, and Mr. Kaminsky promised to get back to us whether the USAO would agree to so stipulate. He has not yet done so. Accordingly, Mr. Oberlander has prepared and will transmit by tomorrow a formal letter request that the USAO so stipulate, or declare itself conflicted and refer the matter to the ombudsman in Washington. All this should be properly dealt with at the same time as the motion for reconsideration because there are matters under seal which, again, crime victims should have rights to independent of the public's.

=====

We have notified opposing counsels by email and requested any objections be given us. The government consents. We have not yet heard back from Mr. Sater's counsel.

/s/ Frederick M. Oberlander

Counsel for Lorienton Palmer, E/O Judit and Ernet Gottdiener, Ervin Tausk, and Suan Investments

/s/ Richard E. Lerner

Counsel for Frederick M. Oberlander

By: _____
Frederick M. Oberlander, Esq.
Attorney for Plaintiffs