UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x    ORDER
In the Matter of the Motion to Unseal              12 MC 150 (ILG)
Docket No. 98-1101
-------------------------------------------------x
GLASSER, United States District Judge:

On May 15, 2013, the Court received via facsimile from The Law Office of Richard E. Lerner, P.C., a five page letter which, in bold type, is introduced with these centered legends:

### Request for <u>Emergency</u> Prerogative *Quo Warranto* Relief From Prior Restraint With Respect to the Order Docketed on March 13, 2013

### That This Court Show Cause By What Authority It Believes, If It Believes, It Has Lawfully Concealed Said Judicial Document From the Public and Enjoined Its Dissemination by Those Who Have It

He then begins as follows: "We write in receipt of a May 8, 2013 letter from the U.S. Supreme Court <u>requiring</u> (emphasis mine) we seek clarification from your honor with respect to the March 13, 2013 order on docket 12-MC-150 (No. 105) which the Supreme Court calls "apparently" sealed. The letter triggers a jurisdictional fifteen days therefrom to obtain clarification. We seek emergency relief from a certain portion of the March 13th Order insofar as it unlawfully (ultra vires) or invalidly (unconstitutionally) bears the legend 'FILED UNDER SEAL.'" The letter was not filed on ECF because, as he announces at the outset in bold type, that he has not done so "so the court may confirm the entirety of its contents is public property and must be publicly uploaded without redaction immediately." His letter will be docketed and thus be made available to the public. I will not venture to summarize the letter or comment on its accusatory tenor,

e.g., "The court's failure to follow the law . . ." at p. 4; his reservation of "the right to supplement this, and invite the media, members of the public and Mr. Sater's many victims to join this application, at p. 5; his reminder to the Court, the government and Mr. Sater of 18 U.S.C. § 1505 which, in substance, makes it unlawful to obstruct or impede any Congressional inquiry on investigation, p. 3 n.3. The irrelevance of his "reservation" and "reminder" ostensibly prompted by a letter from the Clerk of the Supreme Court resonate with a sinister ring.

## Discussion

The May 8th letter from the Clerk of the Supreme Court regards Lerner's "petition for rehearing in this case" and is attached as an Exhibit to the government's letter in Opposition, Docket No. 119. It reads in part:

> On pages 4-7 of that petition, you quote from a March 14, 2013, order from the United States District Court for the Eastern District of New York. Because the first page of that order clearly reflects it is under seal, it would appear that the rehearing petition cannot be filed on the public record. If you wish to file the petition, you may ask the lower court to unseal those portions, or you may file a motion for leave to file the petition under seal with a redacted copy for the public record.
>
> Your rehearing petition will be deemed timely if you take the corrective action within 15 days of this letter. Rule 44.6.

It plainly does not require him to "seek clarification" of my order of March 13th. It explicitly advises him how to proceed. It does not characterize that Order as "apparently" sealed. It "clearly reflects it is under seal." His "Request" addressed to this Court in his May 15th submission is a misrepresentation of that letter. The emergency relief he seeks, he candidly states, is to have that order declared unlawful or

2

unconstitutional and uses the Clerk of the Court's letter as a pretext for yet another attack on this Court's Orders. His "Request" is denied.

I would also note that his request for Emergency *Quo Warranto* relief is misguided. As long ago as 1820, Chief Justice Marshall wrote that "a writ of *quo warranto* could not be maintained except at the instance of the government, and as the writ was issued by a private individual without the authority of the government it could not be sustained . . . ." Wallace v. Anderson, 18 U.S. 291, 292 (1820). See also Johnson v. Manhattan Ry Co., et al., 289 U.S. 479, 502 (1933), where the Court wrote "*Quo Warranto* is addressed to preventing a continued exercise of authority unlawfully asserted, not to a correction of what already has been done under it or to a vindication of private rights. It is an extraordinary proceeding, prerogative in nature, and in this instance could have been brought by the United States, and by it only, for there is no statute delegating to an individual the right to resort to it."; Allah v. Linde, 2008 WL 1699441 (W.S. Wash.) ("Under federal law, it appears that a *quo warranto* proceeding can be brought only by the United States, and not by private individuals.")

I confess to being confounded as to how to respond to his request that I show cause by what authority I assume the right to issue Orders in this case. Perhaps Article III of the United States Constitution is a responsive start. In addition, I would incorporate by reference, my Orders, docketed in 12 MC 150 and numbered, 42, 62, 104, 106, 109 and 118, in response. I would also add a few lines written by Judge Newman in In re Application of the Herald Company, 734 F.3d 93, 100 (2d Cir. 1984) as follows: "The trial judge must articulate the basis for appellate review. If such articulation would

3

itself reveal information entitled to remain confidential, the basis for closure may be set forth in a sealed portion of the record." Reliance on that teaching was placed in docket no. 106, my Order of March 13, 2013.

SO ORDERED.

Dated:   Brooklyn, New York
         May 17, 2013

_____
I. Leo Glasser

4