# THE LAW OFFICE OF RICHARD E. LERNER, P.C.

Richard E. Lerner, Esq.
255 West 36th Street, Suite 800
New York, New York 10018
(917) 584-4864
Fax: (347) 824-2006
richardlerner@msn.com

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUL 31 2013 ★
BROOKLYN OFFICE

July 30, 2013

**Via Fax: 718-613-2446**

Hon. I. Leo Glasser
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: In re Motions to Unseal Docket 98-cr-1101
    ✓Docket No. 12-mc-150

Dear Judge Glasser:

As your honor is aware, an appeal has been taken to the Second Circuit with respect to your honor's orders declining to unseal certain documents in 98-cr-1101. Respectfully, the appellants hereby request that they be provided with redacted copies of all transcripts that have been transmitted to the Second Circuit. The parties obviously need redacted transcripts to formulate the appellate arguments.[1]

Inasmuch as many of the documents that remain under seal were generated by or in behalf of appellant Frederick M. Oberlander, it is self-evident that arguments made by the government or Mr. Sater in favor of maintaining such documents under seal do not just implicate the *public's* right of access. Rather, they implicate Mr. Oberlander's free speech rights, and those of his clients, which include victims of Mr. Sater's racketeering at White Rock, inasmuch as sealing has been construed by your honor to be tantamount to a gag order, notwithstanding the substantive and procedural requirements of FRCP 65(d) and the First Amendment. That is, Mr.

---

[1] See, e.g., *Greene v. McElroy*, 360 U.S. 474, 496 (1959) (in discussing the Sixth Amendment: "the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue").

Oberlander would appear to remain gagged from revealing to the media the arguments and facts presented to your honor in legal papers insofar as he would attribute them to, reveal their presence in, and cite their provenance in, those papers, merely by virtue of the fact that they remain under seal.

Mr. Oberlander and his clients have a right to know what arguments were made in support of gagging him from telling anyone who will listen what arguments he made to this court in those papers and what facts he cited therein, and so on, and where, and why.

We therefore request that all *legal* arguments made before your honor to support sealing be disclosed in such redacted transcripts – *especially, to the extent that such arguments were made to support sealing of documents that Mr. Oberlander or his counsel submitted to the court and contain information obtained outside of court process.*[2] We further request that all *factual* arguments (save for facts showing Felix Sater's actual cooperation, as opposed to the mere fact of his cooperation, which has been a matter of public record since 2000, and save for specific facts regarding an ongoing criminal investigation[3]) be disclosed in such redacted transcripts – again, and especially, to the extent that such factual arguments were made to support sealing of information that came into the possession of Mr. Oberlander or his counsel outside of court process. Such legal and factual arguments made by the government and Mr. Sater are needed on appeal, so that we may establish that they are invalid and untrue, respectively.[4] We of course specifically, but without limitation, refer to those facts and arguments made to the Court, whether by Felix Sater or the government, to support allegations that Daniel Persico threatened Mr. Sater and Mr. Lauria in 2012, in light of the fact that (1) the Court is and was well aware that Persico knew Sater and Lauria were cooperators for ten years; and (2) the alleged threat occurred in broad daylight and thus allegations and descriptions of its existence cannot constitutionally be sealed.

The transcripts cannot be kept totally secret from us, for we have a right to appeal, which must include the right to demonstrate that such, and other, arguments made in support of maintaining documents under seal are invalid and based upon incorrect factual allegations, and that the legal conclusions in your honor's opinions are invalid. It cannot possibly be the case that every word in those transcripts contains information regarding the facts of Mr. Sater's cooperation or information regarding an ongoing criminal investigation.

Even in the Pentagon Papers case, the New York Times was made aware of the government's arguments. Please also recall Justice Potter Stewart's opinion therein that secrecy, for its own sake, must be avoided and that "when everything is classified, then nothing is classified, and the system becomes to be disregarded by the cynical or careless, and to be manipulated by those intent on self-protection or self-promotion." *N.Y. Times v. U.S.*, 403 U.S.

---

[2] *Bridge v. Technicare*, 710 F.2d 940 (2d Cir. 1983); *International Products v. Koons*, 325 F.2d 403 (2d Cir. 1963); *Parker v. CBS*, 320 F.2d 937 (2d Cir. 1963); *Butterworth v. Smith*, 494 U.S. 624 (1990).

[3] We remind the court the Government represented in 2011 that Sater's cooperation was complete; it would appear any argument thereafter as to any ongoing criminal investigations as to which there was a need to maintain a seal on pre-2011 documents was pretextual.

[4] The court has previously indicated that national security arguments were not being presented *in camera*; accordingly, there would be no such national security reason that would militate against openness.

2

713, 729 (1971). We most respectfully submit that redacted transcripts must be provided; otherwise, there may appear to be a manipulation of court secrecy by those intent on self-protection or self-promotion. To state it differently, "Sunlight is the best of disinfectants...." *Buckley v. Valeo*, 424 US 1, 67 (quoting Justice Brandeis).

Respectfully submitted,

THE LAW OFFICE OF RICHARD E. LERNER, P.C.

*/s/ Richard E. Lerner*

Richard E. Lerner

cc: All counsel, via email