# THE LAW OFFICE OF FREDERICK M. OBERLANDER, P.C.

28 SYCAMORE LANE (BOX 1870)　　　　　　　　　　　　　　　　　　　　　212.826.0357 TEL
MONTAUK, NEW YORK 11954　　　　　　　　　　　　　　　　　　　　　　　212.202.7624 FAX
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　FRED55@AOL.COM

# THE LAW OFFICE OF RICHARD E. LERNER, P.C.

501 FIFTH AVENUE　　　　　　　　　　　　　　　　　　　　　　　　　　　917.584.4864 TEL
NEW YORK, NEW YORK 10017　　　　　　　　　　　　　　　　　　　　RICHARDLERNER@MSN.COM

May 15, 2014

Hon. I. Leo Glasser, U.S.D.J.
Eastern District of New York　　　　　　　　　　　　　　　　re: 12-MC-150 *Kriss v. Bayrock*
By fax to 718-613-2446

Dear Judge Glasser:

　　　　On May 15, 2013 your honor denied our clients' motion for reconsideration of that certain order of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ threatened[1].

　　　　On March 16, 2014, in *Lauria vs. Kriss*, a New York Supreme Court action, counsel for Mr. Lauria publicly filed suit against our client Jody Kriss claiming that he gave secret documents to criminal lawyers who then passed them on to organized crime and that Mr. Kriss and those lawyers did this with the specific intent of causing the attack by revealing to the alleged attacker – clearly known to be Daniel Persico, just as the alleged corrupt lawyer in question is clearly known to be Gerry Shargel – in fact with the specific intent of causing Lauria and Sater's murders as part of an extortion plot.

　　　　Obviously to defend our client we will litigate including by seeking to establish before that state court tribunal that either there was no attack or if there was an attack it was staged. One of the reasons we may be so assured is that Mr. Lauria published an autobiography in 2002 which reveals that he personally cooperated against Persico and others and reveals that Persico knew about it and that the FBI knew that he knew etc.

　　　　Recently however we obtained the February 2004 sentencing transcript of Mr. Lauria, 98-CR-1102, who then appeared before your honor. And in that transcript your honor is informed that Mr. Lauria had reported threats against him, most prominently by Daniel Persico, and there is a few minute colloquy at your honor's request between the government and Mr. Lauria's counsel describing the threat, largely tracking the account in the book.

---

[1] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, at least in the sense of making a judicial admission, in its reply brief to the Second Circuit.

The point is it is beyond doubt that Persico knew of Lauria's cooperation (unless Lauria and his counsel lied, and we are not accusing them of that here) a decade before the alleged 2012 attack and that the government knew and so on and it seems implausible to put it mildly that Persico forgot all about it and didn't bother to "bring it up" until 2012. (This of course is beside the fact that the government's witness list given Mr. Persico and publicly filed lists Mr. Sater as a government witness to testify against him and the other public disclosures of Lauria and Sater's cooperation made over the years, including in Mr. Persico's presence.)

Unfortunately this raises the possibility that the court was defrauded. If the court has the same human qualities as we all do the court may well have not recalled what was said in a ten year old sentencing and thus been led astray by either or both of the government or counsel for Mr. Sater during the September – November in camera hearings we were not allowed to attend and in which we were not allowed to admit evidence. Clearly something produced that statement in the Order.

FRCP 60(b) provides that relief from an order – in this case vacating that portion thereof that stated that the attack occurred (at least insofar as that certainly implies that if an attack did occur it was not staged but was genuine) – may be sought on various grounds but if sought on the ground of fraud on the court that must be done within one year. That year would run out and require filing by tomorrow, May 16, 2014 pursuant to FRCP 6.

It is not likely that that is jurisdictional, at least anymore. The Supreme Court has recently made quite clear that the courts were going way too far in deciding that limits were jurisdictional and should pull back. On the other hand, even if it is jurisdictional, it is still subject to equitable tolling, and we respectfully remind the court equitable tolling is not by itself necessarily fraudulent concealment, but applies whenever an aggrieved person could not with due diligence find necessary facts, etc.

Accordingly we write this letter to the court, by fax in case there should be anything in it which the court feels must not be public (we do not believe there is anything like that, but wish to be sure), to make a record and alert the court that we may in the interest of Mr. Kriss at some time in the future so move. We cannot so move now because while we can establish of course that it is not likely that the attack occurred, we cannot establish that the statement in your order that it did was the product of fraud rather than error because we have been denied access to the transcripts that would show such. And we cannot ask the court for access to them in the interest of justice because the court has already ruled that it lacks jurisdiction to grant access while that issue is before the Second Circuit.

Thus in brief again and most respectfully we stress there is no accusation or implication herein that the court did anything wrong in issuing that statement and that although we have no doubt we will be establishing in state court and elsewhere that counsel for Mr. Laura and Mr. Sater fabricated it we cannot yet do so before your honor but wish to make it clear we are not failing to so move by abandonment but rather by the clear inability to make our case until and unless we have access to those files, which issue in connection with the attack is also now before the Second Circuit.

We appreciate the court's understanding of the dilemma and reaffirm we do not seek Article III relief at this time because it would require a request for enlargement sine die which is not clearly possible but write merely as a courtesy and to establish the above on the record record.

/s/ Frederick M. Oberlander
/s/ Richard E. Lerner
Counsels for Movants Palmer and Oberlander here and for Jody Kriss elsewhere