

13-2373-cv
In re: Applications to Unseal

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand fourteen.

PRESENT:

    JOSÉ A. CABRANES,
    ROSEMARY S. POOLER,
    DENNY CHIN,
            *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IN RE APPLICATIONS TO UNSEAL 98 CR 1101 (ILG),
USA V. JOHN DOE 98-CR-01101

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LORIENTON N.A. PALMER, FREDERICK MARTIN OBERLANDER,

    *Movants-Appellants,*

        -v.-                                                                              No. 13-2373-cv

JOHN DOE 98-CR-01101, UNITED STATES OF AMERICA,

    *Respondents-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MANDATE ISSUED ON 06/05/2014

| | |
|---|---|
| **FOR MOVANTS-APPELLANTS:** | FREDERICK M. OBERLANDER (Richard E. Lerner, Law Office of Richard E. Lerner, P.C., New York, NY, *on the brief*), Montauk, NY. |
| **FOR RESPONDENTS-APPELLEES:** | EVAN M. NORRIS (Todd Kaminsky, Peter A. Norling, Elizabeth Kramer, *on the brief*), Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| | Jason H. Berland, Beys, Stein & Morbargha LLP, New York, NY. |

Appeal from orders, entered March 15, 2013, May 15, 2013, and May 17, 2013, of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the District Court are **AFFIRMED**.

Movants seek the unsealing of certain documents relating to the cooperation of Felix Sater (formerly known publicly only as "John Doe") in a number of criminal cases. This matter has already been before us twice. *See Roe v. United States*, 428 F. App'x 60 (2d Cir. 2011); *Roe v. United States*, 414 F. App'x 327 (2d Cir. 2011). We assume the parties' familiarity with the underlying facts, procedural history, and issues for review, to which we refer only as necessary to explain our decision.

### DISCUSSION

The Supreme Court has held that judicial proceedings are presumptively open under the First Amendment. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980). It has also recognized a common-law right of presumptive access to judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right of access is, of course, qualified, and documents may be sealed in some cases. We have held, however, that "[d]ocuments to which the public has a qualified right of access may be sealed only if 'specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *United States v. Aref*, 533 F.3d 72, 82 (2d Cir. 2008) (quoting *Press-Enter. Co. v. Super. Ct.*, 478 U.S. 1, 13–14 (1986)). Such findings must be made "on the record for our review," but "may be entered under seal, if appropriate." *Id.* (internal quotation marks omitted).

After we last heard this case, our summary order remanded to the District Court "with instructions (i) to rule upon the government's [then-pending] unsealing motion of March 17, 2011," and "(ii) to issue a final determination regarding whether the dissemination of the other (non-PSR)

2

sealed documents in John Doe's criminal case, particularly those that refer to Doe's cooperation, should be enjoined." *Roe*, 428 F. App'x at 68–69.

That procedure was ultimately modified when the Clerk's Office in the Eastern District of New York inadvertently unsealed the docket sheet, revealing that Sater was "John Doe" and a cooperator. Judge Glasser then held a series of hearings, with only the Government and Sater's counsel present, and went through the entire docket to determine which documents should be unsealed. Thereafter, he issued two orders—one sealed, one unsealed—detailing which documents were to be kept sealed.

Movants first object that they were not allowed to attend these proceedings, although they were parties to the case. *See Aref*, 533 F.3d at 81 (holding that "a motion to intervene to assert the public's First Amendment right of access to criminal proceedings is proper"). This argument fails. Judge Glasser's sealed order is persuasive in concluding that the hearings should be closed, because the contents of the documents on their face implicate compelling interests. We have expressly held that judicial findings justifying sealing may be entered under seal. *See Aref*, 533 F.3d at 82. Moreover, it appears from the docket sheet that Movants informed the District Court of their views in written submissions. *See, e.g.*, E.D.N.Y. No. 12-mc-150, dkt. 97.

Movants next challenge the District Court's determination that a number of documents (approximately 25% of them) would remain under seal, in whole or in part. Judge Glasser's sealed order lays out the District Court's basis for ongoing sealing—generally, safety of persons or property; integrity of government investigation and law enforcement interests; and protection of cooperator's anonymity.

As a general matter, "[b]road and general findings by the trial court . . . are not sufficient to justify closure." *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). And any such sealing must be narrowly tailored. *See Aref*, 533 F.3d at 82 ("[I]t is the responsibility of the district court to ensure that sealing documents to which the public has a First Amendment right is no broader than necessary.").

Here, the District Court laid out each document that was to remain sealed in a series of tables and noted for each the basis for continued sealing. Where possible, it limited the sealing to redactions on certain pages. We have reviewed the District Court's sealed order. Given the extent and gravity of Sater's cooperation, we conclude that these findings are sufficient.

## CONCLUSION

We have reviewed the record and considered plaintiffs' remaining arguments on appeal, and find them to be without merit. For the reasons set out above, we **AFFIRM** the District Court's March 15, 2013, May 15, 2013, and May 17, 2013, orders.

This panel shall retain jurisdiction over any further appeals from proceedings in the District Court.

The mandate shall issue forthwith.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4